[Filed January 6, 1891.]

## THOS. H. FOSS *v.* H. D. NEWBURY.

EASEMENT—STATUTE OF FRAUDS.—A contract to grant or convey an easement in order to be inforceable must be evidenced by a writing executed according to statute of frauds.

SALE OF REAL ESTATE—FRAUDULENT REPRESENTATIONS—STATUTE OF FRAUDS.—Where the sale of real estate is induced by the fraud of the vendor, although such

XX OR.—17.

fraudulent representations may be in reference to a matter within the statute of frauds, the vendor will be liable for damages to his vendee.

DAMAGES—RIGHT TO RECOUP.—In a suit to enforce the payment of a note and mortgage given for the purchase price of land, the defendant may recoup the damages resulting to him from plaintiff's fraud.

WRITTEN AGREEMENT—FRAUD.—A written agreement can be relieved against on account of fraud.

Clatsop county: FRANK J. TAYLOR, Judge.

Plaintiff appeals. Affirmed.

This is a suit to foreclose a mortgage on certain real estate in Clatsop county, given by defendant to plaintiff. The answer admits the execution of the mortgage, but as a defense thereto alleges that it was given to secure a portion of the purchase price of the real estate described therein; that this land was valuable only on account of the growing timber thereon for logging and manufacturing purposes, and situate about one-quarter of a mile back from the John Day's river, and the only ingress and egress from the land, and the only way logs and timber cut therefrom can be removed to market is over and across a tract of land lying between it and the John Day's river belonging to one C. E. Ronell; that at the time defendant purchased this land of plaintiff, for the purpose of cheating and defrauding him, the plaintiff falsely and fraudulently represented that he owned in his own right two certain logging roads and the right of way thereon leading from the land purchased over and across Ronell's land to the river over which logs and timber could be transported, and agreed for and as part of the consideration for the purchase of the land described in the mortgage that he would grant and give and secure the proper conveyances therefor to defendant; that defendant, relying upon such false and fraudulent representations and believing the same to be true, purchased the land described in the mortgage for the sum of $1,700, paying in cash $1,000, and executing the note and mortgage for the balance; that he has conveyed the land purchased but has failed, neglected and refused to secure to defendant the rights of way across Ronell's land, or either of them, or any right of way, or to procure for defendant the proper or any conveyance for said

right of way, though frequently demanded; that defendant, relying upon said representations, entered upon the land purchased of plaintiff and fitted up and maintained a logging camp and logging outfit at great expense and cut a large amount of timber and logs thereon, and was, in September, 1887, proceeding on said rights of way to remove said logs and timber to market when he was prohibited from so doing by Ronell; this being the first time he was informed that plaintiff was not the owner of said rights of way. And he was compelled to and did pay Ronell two hundred dollars for the privilege of moving and hauling the timber cut over and across the rights of way. That prior to paying said sum of two hundred dollars to Ronell, he notified plaintiff and demanded the rights of way, and plaintiff then informed him that he was not the owner thereof and was unable to execute or secure the proper conveyances therefor, but then and there agreed to repay him the said sum of two hundred dollars, but has failed and refused so to do; that at the time defendant purchased the land he relied solely upon the false and fraudulent representations of plaintiff and was not aware of their untruthfulness, and that he informed plaintiff and plaintiff well knew that his object in purchasing said land was to operate and maintain a logging camp thereon; that without said rights of way or logging roads, the premises purchased by him would be of no greater value at the time of his purchase than $1,000, and but for said rights of way or logging roads he would not have given more than $1,000 for said land.

The answer alleges a tender of the amount due less the sum of two hundred dollars paid Ronell for the right to cross his land. A trial in the court below resulted in a decree in favor of defendant, from which this appeal is taken.

*W. W. Thayer*, for Appellant.

*C. W. Fulton*, for Respondent.

Bean, J.—It is contended on behalf of plaintiff that the answer of defendant only alleges a parol agreement to con-

vey to him the logging roads across Ronell's land, made contemporaneous with the agreement for the sale of the premises described in the mortgage, and that such an agreement is within the provisions of the statute of frauds and void; that an easement being an interest in land, can only be acquired by a grant and ordinarily by deed or what is deemed to be equivalent thereto, is not denied. (Washburn on Easements, 23.) A parol license, merely, is not sufficient to create an easement. It must, therefore, follow that since it is considered an interest in land, a contract to convey or grant an easement in order to be inforceable must be evidenced by a writing. A parol contract, to convey an interest in land, is not in any sense an illegal contract, but the statute simply provides that when such a contract is sought to be enforced, oral evidence shall not be received, but it shall be proven by a writing executed according to the provisions of the statute. While the answer is inartificially drawn and contains much matter that could profitably have been omitted, we think it sufficiently alleges fraud in the inception of the note and mortgage mentioned in the complaint. The defendant is not seeking to enforce a parol contract to convey the logging roads nor to recover damages for the violation of any such contract. The damages claimed are based upon the fraudulent representations and deceit of plaintiff in representing, for the purpose of cheating and defrauding defendant, that if he would purchase the land plaintiff was endeavoring to sell him, he would receive a right to use the road over Ronell's land in marketing his logs; that by means of such representations defendant was induced to purchase the land at a much higher figure than he otherwise would have done. The land was chiefly valuable for timber, but it could only be taken to market by crossing Ronell's land, and therefore these logging roads became a material factor to be considered by defendant in making such purchase. This the plaintiff knew, and to induce him to make the purchase, made the false representations and promises upon which defendant relied, and having

done so, he cannot escape liability for his fraud by invoking the statute of frauds. It is not the kind or character of the property of which the representations are made which gives the purchaser a right of action against the vendor for practicing the fraud upon the vendee in effecting a sale. It is the fraud and deceit of the vendor, and not the subject matter of his representations which is the foundation of the action. The statute of frauds was enacted to prevent frauds and it cannot be used as a cover for fraud. If the sale of the land by plaintiff to defendant was induced by fraud and deceit, and the statute could be interposed to prevent its being established by parol, the effect of the statute would be to enable the plaintiff to carry into effect his fraud instead of preventing him from so doing. The statute was never designed for such a purpose.

It is said to be well settled that when a contract is consummated by which an injury is done, whatever fraudulent representations may have been employed by a party to the contract as a means of inducing it to be made, cannot be excluded by invoking the aid of the statute. (*Cook* v. *Churchman,* 104 Ind. 141, 3 N. E. Rep. 759; *Day* v. *Lown,* 51 Iowa, 364.) The *gravamen* of the charge in the answer is that defendant has been deceived by means of the fraud of plaintiff to his hurt. It is true if plaintiff had only made a parol agreement to secure or convey these logging roads to defendant, and had refused to comply with it, however great the moral wrong may have been, the law could afford him no relief, because of the statute of frauds; but where, as in this case, the representations are made concerning some collateral matter, not ordinarily to be included in the deed, but so materially connected with the subject matter of the contract as to be one of the controlling influences operating to induce the vendee to make the contract, and without which he would not have made it, although such representations may be in reference to a matter within the statute of frauds, the vendor will be liable for damages to his vendee.

This brings us to the evidence. Plaintiff being the owner

of a tract of land and an interest in a logging outfit, desiring to sell the same to defendant, in company with him went to examine the property. Defendant carefully examined the land, as well as the logging outfit, plaintiff showing him the boundary lines of the land. In making this examination defendant noticed that in order to get supplies in for his logging camps and haul his logs to market, if he made the purchase, it would be necessary to use the roads across Ronell's land from the land of plaintiff to the John Day's river, and he spoke to plaintiff about the matter, saying that as he desired to use the land, if he bought it, for logging purposes, he could not make the purchase until he found out about the crossing, and would have to go and see Ronell. The plaintiff said he need not pay any attention to the crossings, for he had sold the land to Ronell a few years before and had reserved a right of way across it for all the timber that might come off of the land he was offering to sell, and that he (defendant) need not go to see Ronell, as it was all right, and if there was any crossing to pay he would pay it. The plaintiff knew that defendant was purchasing this land for the timber growing thereon, and that he intended immediately to commence logging, and that these logging roads or ways across Ronell's land were almost indispensably necessary to the use of the land for that purpose. There was no other practicable way by which the logs could be transported to market. Plaintiff did not own these logging roads nor had he made any reservations in his deed to Ronell for the land sold him, and he well knew he had no right to make any statement or representations to defendant about the matter. There can be no other reasonable inference drawn from these representations by plaintiff, except an intent on his part to overreach the defendant and induce him to make a contract he otherwise would not have made. Such must have been his intention when he pursuaded the defendant not to go and see Ronell about the roads. He knew that if defendant should see Ronell he would ascertain the true facts, and of course

would not purchase his land at the price he was asking; and to prevent this inquiry, the representations were made. The statement that he had reserved a right of way across this land when he sold to Ronell, was in effect saying that he was the owner of it, and the representation that the matter was all right, when defendant hesitated to close the contract, was sufficient to induce him to believe that whatever conveyances were necessary would be secured or made by plaintiff. Defendant relied on plaintiff's representations and did not go to see Ronell, but purchased the land and logging outfit, paying $1,000 in cash and giving the note and mortgage in suit for the balance. After defendant had expended considerable money in cutting logs and getting them ready for market, he was notified by Ronell that he could not haul them across his land without paying for so doing, and was compelled to pay $200 for the right. These are briefly the facts in this case as we gather them from a careful examination of the evidence. It is true, plaintiff denies in his testimony that he made the representations as claimed by defendant, and as we think has been established by a preponderance of the evidence, but he does admit that he told defendant that he was to have the right of way to take his timber across Ronell's land and that he sold to defendant with the same understanding   The circumstances surrounding the transaction, the object and purposes for which the defendant was buying the land, are strongly corroborative of defendant's theory of this case, and this is also strengthened by the fact that when plaintiff was informed by defendant that Ronell would not allow him to cross his land, without paying for the right, and requested him to make his representations good, he went to Ronell and endeavored to pursuade him to allow the defendant to cross the land, and when Ronell refused, said if there is anything to pay for the right of crossing, he (plaintiff) would have it to pay. The fraud consists in the fact that plaintiff, to induce defendant to purchase his land, represented that he owned these logging roads, and that if

defendant would make the purchase, he should have the use of them in getting his timber to market, when he knew such representations were false, and made them, we think, evidently for the purpose of cheating defendant. If defendant had supposed he was not going to secure the right to use these logging roads in marketing the timber cut from this land, he would not have made the purchase, and this plaintiff evidently knew. He made the false representations and promises in order to consummate the sale, and defendant having relied upon them and acted to his injury, plaintiff should account to him for any damages he may have sustained. He received the benefit of his fraud in the enhanced price of the land and it would be unjust to permit him to retain it, under the facts in this case.

This being a suit to enforce the payment of the note and mortgage given for the balance due on the land, defendant may recoup the damages resulting to him from plaintiff's fraud. (*Whitney* v. *Allaire,* 4 Denio, 554; *Chandler* v. *Childs,* 42 Mich. 128, 3 N. W. Rep. 297.) The court below seems to have adopted as the measure of damages the sum which defendant was obliged to pay Ronell for the right to cross his land. There is no suggestion but what this payment was made in good faith and is the reasonable value of such right. We think the rule adopted by the court below was as favorable to plaintiff as he could ask. (*Whitney* v. *Allaire,* 1 Comstock, 305.)

There is yet one question remaining. From the evidence it appears that four or five days before the deed from plaintiff to defendant was executed, the parties entered into a written contract for the sale and purchase of this land in which no mention is made of the use of the roads across Ronell's land, and it is argued that reducing the agreement to writing precludes recurrence to all representations. It is true, as said by Sugden on Vendors, 129, reducing an agreement to writing is, in most cases, an argument against fraud. But it is only an argument, and very far from a conclusive one. That a written agreement can be relieved against on account

of fraud is a doctrine too well settled to be now questioned. (*Boyce* v. *Grundy*, 3 Peters, 210.)   There is no attempt made here to vary the written agreement.   The relief is sought upon the ground that by the false representations of plaintiff, defendant was entrapped into making a contract he otherwise would not have made.   This is not denying that the agreement or deed in the record was entered into, but insisting that defendant is entitled to recoup the damages resulting to him from the misrepresentations of plaintiff.

Decree of court below affirmed.