[Argued November 22; decided November 27, 1893.]

## SHUTE v. JOHNSON.

[S. C. 34. Pac. Rep. 965.]

1. FRAUD — CANCELLING DEED — FIDUCIARY RELATION OF PRINCIPAL AND AGENT.— A trustee or agent is bound to entire truthfulness and good faith toward his principal, and if by false representations he induces the latter to sell him property for less than its value, the conveyance will be set aside in equity.

2. IDEM.— Where plaintiff listed his land with defendant, a real estate agent, for exchange, and, relying on defendant's representation that certain land of his was worth as much as plaintiff's, exchanged his land therefor, his deed to defendant will be canceled where defendant grossly misrepresented the value of his land; since plaintiff has a right to rely on defendant's representations because of the fiduciary relation existing between them.

APPEAL from Multnomah: M. G. MUNLY, Judge.

This is a suit by Thomas Shute against J. A. Johnson and wife to set aside a deed to real property. The facts show that the plaintiff, on February twentieth, eighteen hundred and ninety-three, was the owner of a tract of land at Clackamas, Oregon, containing about one acre, and also the owner of the undivided one half of a chopmill and machinery thereon, which he desired to exchange for a small farm; and on that day he called upon the defendant, J. A. Johnson, a real estate agent at Portland, Oregon, and listed said property with him for exchange. The defendant, J. A. Johnson, not having upon his list such property as the plaintiff desired, offered of his own property four lots in South Baker, Baker County, one lot in Steamboat Addition to Yarrow, Coos County, Oregon, and one lot in Port Discovery Addition, Jefferson County, Washington, in exchange for that of the plaintiff's, which offer was accepted, and the deeds thereto were on the next day duly executed

and delivered. The plaintiff alleges that his property was worth nine hundred dollars, and that the said defendant represented to him that the Baker County lots were worth four hundred dollars, and those in Coos County and Washington two hundred and fifty dollars each, while in fact the four lots in Baker County were worth but one hundred dollars, and the other two ten dollars each; that all said representations were false and fraudulent, and were made by the defendant knowingly for the purpose of defrauding him; and that, relying thereon, and being deceived thereby, he was induced to convey his land to the defendants in exchange for said lots. He further alleges that about four weeks thereafter, the plaintiff and his wife tendered to the defendants their deeds, duly executed, conveying said lots to them, and demanded a reconveyance of the property in Clackamas; and upon the refusal of the defendants to comply with such demand, this suit was commenced, in which the plaintiff prays that the deed to said tract be set aside. The defendant, after denying the allegations of the complaint, alleged that the lots conveyed by him to the plaintiff were of the value of nine hundred dollars, and denied that the property in Clackamas was of greater value than seven hundred dollars. The cause was tried before the court, and a decree rendered as prayed for, from which the defendant appeals.      AFFIRMED.

*Mr. William M. Cake* ( *Mr. Harry M. Cake* on the brief ), for Appellant.

*Messrs. Campbell* and *Dolson,* for Respondent.

Opinion by MR. JUSTICE MOORE.

The defendant contends that, admitting he made representations as to the value of his property as alleged

by plaintiff, they were mere expressions of opinion not amounting to a warranty, upon which the plaintiff had no right to rely, and for any damages arising therefrom, equity will not afford relief. The law is well settled that where there is no relation of trust or confidence existing between the parties, a mere false representation of value by a vendor, where no warranty is intended, is no ground of relief to the purchaser: 2 Kent's Com. 845; 1 Bigelow on Fraud, 4191; *Medbury* v. *Watson*, 6 Met. 259, 39 Am. Dec. 726; *Rockafellow* v. *Baker*, 41 Pa. St. 321, 80 Am. Dec. 624; but if the representations were intended to be the statement of a fact, to be understood and relied upon as such, relief will be granted to the purchaser who has been injured thereby, and the question should be left to the jury to say whether the representations were mere expressions of opinion as to value or the statement of a material fact: *Homer* v. *Perkins*, 124 Mass. 433, 26 Am. Rep. 677. If the value of property can be ascertained by ordinary inspection, the maxim *caveat emptor* applies, but such maxim does not apply when any particular skill is required to ascertain it, and affirmations of value in such cases may be relied upon. Where a person makes an affirmation of value which is the inducement to a purchase, within the principle of all the decisions it is a warranty; or, where statements of value are attended with statements as to the elements that go to make up the value, which are false, they are not to be treated as statements of opinion, but of material facts: *Van Epps* v. *Harrison*, 5 Hill, 70, 40 Am. Dec. 314; *Hubbell* v. *Meigs*, 50 N. Y. 480. In this case we find that the plaintiff had never seen any of these lots, all of them being more than one hundred miles from Portland, Oregon; that he declined to act upon defendant's suggestion, who advised him to inquire of a former owner of one of the lots then in the city, and of another, also in the city, who was said

to be acquainted with the Yarrow property, as to the value of such lots, but accepted as true the representations of defendant in relation thereto, although it appears he had no prior acquaintance with him. The evidence, while conflicting, shows that the lots are not worth much more than the amount claimed by the plaintiff, and that their value is grossly inadequate as a consideration for the property received in exchange for them.

The plaintiff testified that at the time the trade was consummated the defendant represented to him that the lots in South Baker were worth one hundred dollars each; that he had sold lots adjoining them for that amount in cash; that he would not take ninety-nine dollars for a single lot, but being in need of money, he would take one hundred dollars apiece for them; that the lot at Port Discovery was worth two hundred and fifty dollars, but that this amount could not probably be obtained for it at that time, as the mill at that place was idle, but that within one year it could be sold for that amount; that the lot in Steamboat Addition to Yarrow was worth two hundred and fifty dollars, making in all a value of nine hundred dollars, and that he asked the defendant if the lots were worth that sum, and he assured him that they were. The defendant testified that he never made any representation to the plaintiff in relation to the value of any of said lots; that he told him he had never seen either of them; that he offered to exchange them for the plaintiff's property, which he had never seen, and the plaintiff accepted the offer; that when plaintiff's deed was presented for delivery it expressed a consideration of nine hundred dollars, and that he made his deeds to express the same amount, by placing in the deed of the South Baker lots a consideration of two hundred and fifty dollars; that he did not tell the plaintiff he had sold any lots in South Baker for one hundred

dollars in cash, but that he had traded lots there for what he considered a value of one hundred dollars each. The plaintiff further testified that he owed the defendant a commission of fifty dollars for securing the sale of another tract of land, and he desired him to accept some of these lots in payment thereof, but that the defendant replied to the proposition by saying "I would not give fifty dollars for the whole damned lot." The plaintiff had listed his property with defendant for exchange, and by thus creating him his agent for that purpose established a relation of trust and confidence between them, and it became the duty of the defendant, so long as this relation continued, to correctly inform the plaintiff as to the character and value of the property offered; and this relation did not cease when the defendant offered his own property in exchange for that of the plaintiff. To hold that this relation between them had terminated when the defendant offered to trade his own property would be to hold that any person acting in a fiduciary capacity, when he, on his own account, and for his own benefit, treated with his principal or *cestui que trust*, might rob him with impunity. Such is not the law, and this fiduciary relation furnishes an exception to the general rule, that the affirmation of value of the property made by a vendor to secure a sale is but the mere expression of an opinion, and upon which the vendee cannot rely, because it is customary in selling property to make such statements of overvaluation. Whether there was a warranty of value or not has no application to this case, since it was the duty of the defendant to show that he acted in perfect good faith, and rendered a just equivalent for the property he received from the plaintiff. His acts cannot be justified by showing that he gave property of the value of one hundred and twenty dollars in exchange for that of the value of nine hundred dollars.

The decree will therefore be affirmed.      AFFIRMED.