Argued May 6, reversed June 2, 1914.

# OUTCAULT ADVERTISING CO. *v.* BUELL.

(141 Pac. 1020.)

**Fraud—Pleading—Sufficiency.**

1. A pleading alleging fraud must state that the representations were false; that the person making them knew they were false; that they were made with intent to defraud; and that the party seeking to be relieved must have relied upon the representations.

**Sales—Offer—Revocation.**

2. Where one had ordered advertising matter, a letter stating that he could not arrange with the home paper for satisfactory advertising space within reasonable terms, and asking not to forward the material ordered till he felt in a better condition to handle it, did not constitute a sufficient revocation of the order, even if he had a right to rescind.

From Union: JOHN W. KNOWLES, Judge.

In Banc. Statement by MR. JUSTICE BURNETT.

By its complaint filed August 17, 1911, the Outcault Advertising Company, a corporation, alleges in sub-

stance that the defendant, H. W. Buell, sent to it a written order of which the following is a copy:

"Date, June 9, 1910.   Order No. 608.   To Outcault Advertising Co., 334 Dearborn St., Chicago, Ill.: Ship us, at our expense, your Little House Maid Furniture 'Ad' service, to cover a period of one year, beginning July 1, 1910.   This service to consist of: 52 Little House Maid cuts; 250 Little House Maid souvenir calendar post cards for each month; one font Little House Maid type (10 lbs. in font).

"I agree to pay you net cash monthly, at the rate of $1.65 per week for two years, I to have exclusive right to use the above Little House Maid 'Ad' service in our city only, and to hold type and cuts subject to your order when this contract expires.   This contract cannot be canceled.   Ship all at one time if possible.

"H. W. BUELL,
"Elgin, Ore."

It is further averred that the plaintiff accepted the order and performed everything required of it by the contract, and that the defendant has refused to pay for the same except the sum of $14.85.   The complaint concludes by demanding a judgment for $156.75.

The defendant denies the whole complaint.   As a further defense he alleges the following:

"That, as a part of said contract and a condition upon which he signed the order set forth in plaintiff's complaint, plaintiff, by and through its agent, represented the entire advertising service, including the publication in a local paper, would not cost defendant an amount exceeding $10 per month, and said representations were relied upon by defendant and constituted a part of said contract and were the inducement for his signing the said order; that after the signing of the order set forth in plaintiff's complaint, and on, to wit, the 17th day of June, 1910, defendant ascertained said entire advertising service would cost defendant an amount not less than sixteen ($16.00) dollars, and probably twenty-five ($25.00) dollars, per

month, whereupon defendant immediately countermanded said order and contract, notified the plaintiff not to ship any material included in and under said order and contract; that prior to the receipt of said countermand by plaintiff plaintiff had shipped material under said contract and order amounting to the sum of $14.85, which sum defendant paid, that thereafter, notwithstanding said countermand of defendant, and over and against his protest and notice that said material had not and would not be accepted by him, but was subject to plaintiff's order, plaintiff wrongfully continued to ship goods to defendant claiming authority under said contract and order which constitutes the claim now made by plaintiff against defendant."

The reply traversed the answer. At the close of the plaintiff's case on the evidence the defendant moved for a judgment of nonsuit, which was denied. The defendant then put in some testimony about the representations of the agent who took the order, together with some letters hereinafter mentioned, and rested. Thereupon the defendant renewed his motion for a nonsuit, and the plaintiff moved for a directed verdict. The court put an end to the case by overruling plaintiff's motion and entering a judgment of nonsuit, from which the plaintiff appeals.    REVERSED.

For appellant there was a brief and an oral argument by *Mr. Turner Oliver.*

For respondent there was a brief and an oral argument by *Mr. L. Denham.*

MR. JUSTICE BURNETT delivered the opinion of the court.

The order, as stated, was introduced in evidence and identified. The letter of the plaintiff to the defendant accepting the order was also proven and read in evi-

dence, and testimony was given on behalf of the plaintiff showing that a part of the printed matter ordered was sent to the defendant by express and paid for, amounting to $14.85. There was also read as part of the cross-examination of plaintiff's witness a letter addressed by the defendant to the plaintiff, as follows:

"Elgin, Oregon, June 20, 1910.
"Outcault Advertising Co., Chicago, Ill.

"Gentlemen: I have been considering the advertising matter of your company and think it good, but I cannot arrange with my home paper to give me satisfactory advertising space within reasonable terms, but they want too much for the space in the paper, making the total cost per month from $16.00 to $20.00 per month. And my business in this small town will not permit of such extensive advertising. So do not forward this series to me until I feel in a better condition to handle it.                    Respectfully,
"[Signed] H. W. BUELL.
"Lock Box 81, Elgin, Oregon.

"P. S. Please favor me this time and I may be in a position to take up some of your goods later. There is a party here who wants to buy me out and I would rather wait.
"[Signed] H. W. BUELL."

It appears in testimony without dispute that, after declining to accept this letter as a countermand of the order, the plaintiff shipped to the defendant the remainder of the advertising matter engaged, all of which had been manufactured ready for delivery before the plaintiff had received from the defendant the letter of June 20, 1910. Other correspondence was put in as evidence which did not change the situation already outlined.

1. The answer is insufficient as a defense based on fraud inducing the defendant to execute the contract. It is well established in this state as a rule for plead-

ing fraud that it must be stated that the representations were false; that the person making them knew they were false; that they were made with intent to defraud; and that the party seeking to be relieved from the fraud must have relied upon such representations: *Rolfes* v. *Russel,* 5 Or. 400; *Dunning* v. *Cresson,* 6 Or. 241; *Martin* v. *Eagle Development Co.,* 41 Or. 448 (69 Pac. 216); *Anderson* v. *Adams,* 43 Or. 621 (74 Pac. 215); *Wimer* v. *Smith,* 22 Or. 469 (30 Pac. 416); *Bailey* v. *Frazier,* 62 Or. 142 (124 Pac. 643). Tested by this rule, the allegation of the answer about the representations made on the part of the plaintiff inducing the defendant to execute the contract does not amount to a plea of fraud authorizing a rescission of the contract by the defendant, because the averment does not show that the party making them knew that they were false or that they were made with intent to defraud.

2. Neither is the letter of June 20, 1910, sufficient as a rescission of the contract or countermand of the order. Considered in its entirety, it amounts to nothing more than a request for delay of the shipment, while approving the quality of the advertising matter. Falling short as it does of a sufficient revocation of the order, even if the defendant had the right to rescind, the plaintiff was at liberty to disregard the letter, and to continue performance of the contract on its part, especially as the undisputed testimony shows that it had already manufactured all the goods contemplated by the order and had them ready for shipment.

Reduced to its lowest terms, the case presented is one where the plaintiff has performed the contract on its part and the defendant has paid only part of the contract price, leaving him liable for the installments due and unpaid at the commencement of the action.

The court was in error when it granted a nonsuit, for there was undisputed testimony of the giving and acceptance of the order, the performance of the contract by the plaintiff, and the refusal to pay on the part of the defendant. The only evidence offered of rescission was the letter of June 20, 1910, already quoted, which is plainly insufficient for that purpose. The testimony is not reported in its entirety, and hence we cannot apply Article VII, Section 3, of the present Constitution, and dispose of the case finally.

The judgment must be reversed for further proceedings.                                    REVERSED.