Argued December 16, affirmed December 29, 1914.

# SMITH v. ANDERSON.

(144 Pac. 1158.)

**Fraud—Elements—Pleading.**

1. Each component of fraud must be alleged and found to exist as a matter of fact, and the absence of any one of them is fatal to the party asserting fraud.

**Fraud — Fraudulent Representations — Matters of Fact or Opinion — Statement of Fact.**

2. A statement which, by reason either of its form or subject matter, amounts merely to an expression of opinion, is not actionable, though an expression of opinion may be so blended with statements of fact as to become itself a statement of fact; but statements as to value or quality, made by one knowing them to be untrue, with intent to deceive and mislead the one to whom they are made, and by which he is misled, amount to an affirmation of fact rendering him liable therefor.

**Fraud—Question for Jury—Fact or Opinion.**

3. Whether a statement is an expression of an opinion or a statement of fact is generally for the jury, on consideration of the subject matter, the respective knowledge of the parties, and the form of the statement.

**Appeal and Error—Presumptions—Evidence not Shown by Record.**

4. In an action on a note, defended on the ground of a false and fraudulent statement as to the value of the property for which it was given, where the record on defendants' appeal contained none of the evidence, the Supreme Court would presume that the evidence established that the statement was one of fact.

**Bills and Notes—Defenses—Fraud—Pleading and Proof.**

5. In an action on a note given as a part consideration for a packing plant, an answer alleging that, before its execution and the pledging of its collateral, the plaintiff's assignor represented to defendants that the company's capital stock was worth at least $21,000, such value being based upon its plant and assets, was sufficient to admit evidence that the statement was one of fact, and not of opinion, so as to constitute actionable fraud.

From Multnomah: ROBERT G. MORROW, Judge.

This is an action by M. E. Smith against Oliver Anderson, Hannah Anderson and Frank A. Sweeney Company. There was judgment for defendants and plaintiff appeals.                                    AFFIRMED.

For appellant there was a brief over the names of *Mr. Marion B. Meacham* and *Mr. W. B. Daggett,* with an oral argument by *Mr. Meacham.*

For respondents there was a brief and an oral argument by *Mr. B. G. Skulason.*

Department 2.   MR. JUSTICE MCNARY delivered the opinion of the court.

Viewed in its entirety, this proceeding is in the nature of a suit to foreclose a pledge of corporate stock.   On November 8, 1912, defendants Oliver Anderson and Hannah Anderson executed and delivered to W. B. Daggett a promissory note for $3,000. As an earnest of the payment of the obligation, 100 shares of the capital stock of the Vancouver Packing Company were transferred by the makers of the note to the payee.   According to the complaint, on January 24, 1913, before maturity, and for a valuable consideration, W. B. Daggett, without recourse, assigned and delivered to plaintiff the promissory note and the corporate stock given to secure the payment thereof. Continuing, the pleading recounts that Oliver Anderson and Hannah Anderson, in January, 1913, sold and delivered to the Frank A. Sweeney Company, a corporation, the plant and all the personal property of the Vancouver Packing Company, and as a part of the consideration of the sale the purchaser assumed and agreed to repay the note and redeemed the corporate stock.   In the prayer the court is asked to pronounce judgment upon the note, and "that the said pledge be foreclosed, and that the certificates of stock be sold according to law and the practice of this court."

After conceding certain of the allegations and denying others, defendants aver matters which they insist

constitute fraud, and are substantially that on November 7, 1912, in consideration of the transfer to them of 100 shares of the capital stock of the Vancouver Packing Company, Oliver Anderson and Hannah Anderson conveyed to one R. C. Scott and T. J. Leonard real estate of the value of $25,000, bearing an encumbrance thereon of $7,000; that representations were made to the Andersons that the Vancouver Packing Company was organized under the laws of the State of Washington, having its principal place of business in the City of Vancouver, with a plant and assets of the value of $21,000, leaving "a difference of $3,000 due from these defendants to Scott and Leonard in said trade." To absorb the discrepancy in the values of the two properties, the Andersons executed and delivered the note in question to R. C. Scott and T. J. Leonard, and also assigned as collateral the 100 shares of the capital stock of the Vancouver Packing Company. As a matter of convenience, it is alleged, the note was taken in the name of W. B. Daggett. The kernel of the defense is contained in the following paragraph, which we quote in full:

"That before the execution of said note and the pledge of said collateral, and the making of the trade by these defendants, the Andersons, with said Scott and Leonard, as above pleaded, the said R. C. Scott and T. J. Leonard represented to these defendants that said capital stock of the Vancouver Packing Company was worth at least $21,000, such value being based upon the plant and assets of the said Vancouver Packing Company; that these defendants, the Andersons, believed said representations as to value and relied on the same in making said trade and in executing and delivering said note and stock, and were ignorant of the true value of said capital stock and plant, and but for said representations would not have made said trade, or executed and de-

livered said note, or pledged said collateral; that soon after the transfer of the plant of said Vancouver Packing Company to the other defendant herein, the Frank A. Sweeney Company, and the assumption by said company of said note, these defendants, the Andersons, discovered that the aforesaid representations made by R. C. Scott and T. J. Leonard were in fact false and fraudulent, and were made by them for the purpose and with the intent of defrauding these defendants, the Andersons, and cheating them of their aforesaid real estate, and inducing them to execute and deliver the said promissory note and to pledge said stock; that said plant and capital stock were in fact of no value, as the said R. C. Scott and T. J. Leonard well knew; that by reason of said fraudulent representations these defendants, the Andersons, have received no value or consideration for said promissory note or the pledge of said stock and have been damaged in a large sum in connection with said trade.''

From recitals found in the judgment we are informed that by consent of the parties a jury was impaneled to determine: (1) Whether plaintiff is a holder of the note in good faith, for value, and without notice. (2) Whether the defense of fraud was substantiated by defendants. On the first proposition the jury returned a verdict that plaintiff did not take the note in good faith, for value, and without notice. As to the second inquiry, the judgment recites that plaintiff expressly consented to the form of the verdict which was returned by the jury:

''We the jury impaneled in the above-entitled cause to try certain issues therein, find that the defendants Oliver Anderson and Hannah Anderson received no value for the three thousand dollar ($3,000) note in question.''

Sequentially, the court entered a judgment dismissing the cause. The record on appeal consists of the

pleadings, the verdicts of the jury, and the judgment. Apparently, then, we have but one question for consideration, and that is whether the new matter set forth in defendants' answer is sufficient to constitute a defense.

1. On many occasions this court has specified and grouped the essential elements of fraud until they have been placed away in the legal storehouse containing the settled principles of our jurisprudence; the latest expressions of this court being found in *Wheelwright* v. *Vanderbilt*, 69 Or. 326 (138 Pac. 857), and *Outcault Advertising Co.* v. *Buell*, 71 Or. 52 (141 Pac. 1020). The doctrine of these cases is that each component of fraud must be alleged and found to exist as a matter of fact, and that the absence of any one of them is fatal to the party asserting fraud.

2–4. Argument is advanced by counsel for plaintiff that misrepresentations as to value are not actionable, howsoever false, for they are merely expressions of opinion classified as "dealer's talk." Bringing in review the answer, we observe this allegation:

"That before the execution of said note and the pledge of said collateral and the making of the trade by these defendants, the Andersons, with said Scott and Leonard, as above pleaded, the said R. C. Scott and T. J. Leonard represented to these defendants that said capital stock of the Vancouver Packing Company was worth at least $21,000, such value being based upon the plant and assets of said Vancouver Packing Company."

Was this pecuniary statement one of fact or of opinion? A statement which by reason either of its form or subject matter amounts merely to an expression of opinion is not actionable, for it is one upon which reliance cannot safely be placed; however, it is not

always easy to decide whether a given statement is one of opinion or of fact. To be considered in deciding the question is the subject matter, the respective knowledge of the parties, and the form of the statement. These matters are ordinarily for the determination of the jury. An expression of opinion may be so blended with statements of fact as to become itself a statement of fact: 20 Cyc. 18. The record on appeal contains none of the evidence that was presented either to the court or jury on these matters. Consequently we are forced to presume that evidence was introduced in the case which had the effect of establishing that the statement regarding value was one of fact. In the case of *Koehler* v. *Dennison,* 72 Or. 362 (143 Pac. 649), Mr. JUSTICE EAKIN in his concurring opinion said:

"As a general rule, the mere expression of an opinion which is understood to be only an opinion does not render the person expressing it liable for fraud; but where the statements are as to value or quality, and are made by a person knowing them to be untrue, with intent to deceive and mislead the one to whom they are made, and by which he is misled, they may amount to an affirmation of fact rendering him liable therefor. The rule that no one is liable for an expression of an opinion is applicable only when the opinion stands by itself as a distinct thing."

5. Lending every intendment in favor of the pleading, we are of the opinion that the allegation concerning the representation of value was sufficient to admit evidence that the statement was one of fact, and not of opinion, and, therefore, did constitute actionable fraud. Whether a certain statement embodies matters of opinion or of fact is discussed in *Turk* v. *Botsford,* 70 Or. 198 (139 Pac. 925), and *Boelk* v. *Nolan,* 56 Or. 229 (107 Pac. 689).

Under the state of the record, there remains nothing further to consider, and the judgment of the lower court will be affirmed. AFFIRMED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE EAKIN and MR. JUSTICE BEAN concur.