Motion to dismiss appeal denied November 14, 1922, second motion to dismiss appeal overruled March 24, submitted on briefs, October 5, affirmed October 20, objections to cost bill sustained November 10, 1925.

OUTCAULT ADVERTISING CO. *v.* GUY D. JONES.

(234 Pac. 269; 239 Pac. 1113.)

Appeal and Error—Interposition of Equitable Defense in Action to Recover Money, Involving Less Than Minimum Statutory Requirement, Held to Preclude Dismissal of Appeal on That Ground.

1. Interposition of equitable defense pursuant to Section 390, Or. L., as amended by Gen. Laws of 1917, p. 126, in action at law

on contract for recovery of money involving less than minimum amount which Section 548, Or. L., as amended by Gen. Laws of 1923, p. 216, requires as condition to right to appeal in such cases, *held* to preclude dismissal of appeal on such ground.

## ON THE MERITS.

#### Contracts—Answer Held to Sufficiently Allege Reliance on False Representations and Injury Thereby.

2. In action to recover on contract for advertising, where defendant made affirmative defense of fraud, and prayed for cancellation, allegations of defendant's answer, "said defendant relying on said fraudulent misrepresentations, agreed to lease the said service * * understanding, however, that said service should cost only a sum of 10 cents per each insertion as stated and represented by said plaintiff's agent," sufficiently alleged that defendant relied on false representations and alleged sufficient cause to show injury to defendant.

#### Contracts—Plaintiff, Falsely Representing Cost of Advertisement, Could not Escape Consequences Thereof by Alleging Defendant Could have Ascertained True Facts by Inquiry.

3. Where plaintiff's agent falsely represented to defendant that he had inquired of newspapers, and that cost of inserting advertisement was 10 cents per line, whereas the cost was 20 cents per line, and defendant was thereby induced to enter into contract, *held* plaintiff could not escape consequences of such false representations by contending that defendant should have ascertained from independent inquiry from newspaper what actual cost was.

#### Contracts—False Representation as to Cost of Advertisement in Newspaper Material, and One of Fact.

4. Representation by agent of plaintiff, to induce defendant to enter into a contract for advertisement, as to cost of inserting advertisement in paper, *held* a material representation of fact, and not in nature of trade talk.

#### Evidence—Fraudulent Representations Forming Inducement to Contract, Later Reduced to Writing, Ground for Relief Against It, Through Representations not Mentioned Therein.

5. Fraudulent representations which formed an inducement to enter a contract are ground for relief against such contract, though it be reduced to writing, and does not mention such representations.

#### Contracts—Evidence Held to Support Judge's Findings That Defendant was Fraudulently Induced to Enter Contract.

6. In action by plaintiff to recover on contract for advertising, where defendant contended contract was fraudulently procured by false representations, evidence *held* to support judge's findings that contract was fraudulently procured by misrepresentations as to cost of inserting advertisement in paper.

See (1) 13 C. J., p. 745. (2) 13 C. J., p. 393. (3) 13 C. J., pp. 384, 390. (4) 22 C. J., p. 1215. (5) 13 C. J., p. 778.
See (1) 3 C. J., p. 379.

From Multnomah: WALTER H. EVANS, Judge.

In Banc.

MOTION OVERRULED.

For the motion, *Messrs. McGuirk & Schneider.*

*Contra, Mr. Maurice W. Seitz* and *Mr. C. D. Christensen.*

McBRIDE, C. J.—1. This is a motion to dismiss an appeal upon the ground that the plaintiff's cause was an action for money and damages only, and that the amount involved was less than $250 and therefore within the prohibition of Section 548, Or. L., as amended by Chapter 153, General Laws of Oregon for 1923, which is as follows:

"Sec. 548. Judgment or Decree, When Appealable. A judgment or decree may be reviewed on appeal as prescribed in this chapter and not otherwise. An order affecting a substantial right, and which in effect determines the action or suit so as to prevent a judgment or decree therein, or an interlocutory decree in a suit for the partition of real property, defining the rights of the parties to the suit and directing sale or partition, or a final order affecting a substantial right, and made in a proceeding after judgment or decree, or an order setting aside a judgment and granting a new trial, for the purpose of being reviewed on appeal, shall be deemed a judgment or decree, but no appeal to the supreme court shall be taken or allowed in any action for the recovery of money or damages only unless it appears from the pleadings in the case that the amount in controversy exceeds $250."

The situation here is different from that in *Libby* v. *Southern Pacific Company,* 109 Or. 449 (219 Pac.

604, 220 Pac. 1017), *Moss* v. *Woodcock,* 109 Or. 597 (220 Pac. 1017), and *Drinker* v. *Ritter, Lowe & Co.,* 110 Or. 431 (223 Pac. 725). In each of the above cases there was no issue excepting a direct one upon the *quantum* of money or damages. In this case the plaintiff brought an action in the common form to recover on a contract. The complaint alleged that defendant agreed to pay to plaintiff the sum of $109.20, payable in twelve monthly installments, in consideration that plaintiff furnish to defendant, in accordance with said contract, advertising service, and give to defendant exclusive right to the use of such service in the town of Gresham, Oregon, a copy of which contract was attached to the complaint. The complaint then alleged that plaintiff has performed its part of the contract and that defendant has defaulted and has failed to make any payment on the contract. The defendant answered, denying the material allegations of the complaint, and thereafter set up an equitable defense, alleging fraud and misrepresentation upon the part of plaintiff's agent in procuring the contract, probably sufficient, if true, to justify equitable relief, and concluding with a prayer that the court at the hearing of the suit enter a decree canceling the contract, and that defendant have a decree for costs and disbursements and other relief. The case was tried apparently upon the equity side of the court, and a decree rendered directing the cancellation of the contract on the ground of fraud in its procurement, and giving defendant his costs and disbursements.

Under Section 390, Or. L., as amended by Chapter 95 of the General Laws of Oregon for 1917, cross-bills were abolished and a defendant was allowed to set

up an equitable defense to a legal cause of action. Thereupon the same proceedings could be had as in case of a cross-bill. In effect, the trial was required to proceed as a suit in equity. This practically transformed the case, so far as the trial was concerned, to an equitable proceeding, and the section limiting appeals in actions at law could not apply.

This is a very small case, the claim being for only $109.20 in the first place, and ought not to have been brought here to the detriment of more important matters. But it is here, and we can find no legal method of getting rid of it except to try it out upon its merits.

The motion to dismiss is overruled.

MOTION  OVERRULED.

---

## On the Merits.

### (239 Pac 1113.)

This cause was started as an action at law to recover the sum of $109.20 claimed by the plaintiff from the defendant on a contract for the lease of advertising material. A similar contract is set out in full in *Outcault Advertising Company* v. *Buell*, 71 Or. 52 (141 Pac. 1021). The defendant filed an answer denying the material allegations of the complaint and set up an affirmative defense alleging fraud in the inception of the contract and prays for the cancellation thereof. The reply denies the affirmative defense. The case was tried as a suit in equity. The decree was rendered in favor of the defendant, canceling the contract and awarding the defendant costs and disbursements. The contract in this case contains this clause, ''Purchaser affirms that the only

representation made as an inducement to sign this contract related to the merits of the 'adv' service bought and that he has authority to make this contract." The alleged fraud consisted of representations of plaintiff's agent to the effect that he had just consulted the only newspaper in the City of Gresham where the defendant was engaged in business and that the "ad" to be furnished by the plaintiff would cost twelve cents a line for one insertion and ten cents a line per issue for successive insertions in that paper; that the representation was false, intentionally and wilfully made for the purpose of inducing the defendant to lease the advertising; that the defendant believed the representations; relied thereon and thereby was induced to execute the contract; that if he had known that the advertisement would cost twenty cents a line per issue he would not have entered into the contract. The plaintiff filed a reply denying the affirmative defense. When the first installment of the advertising material was delivered he took it to the said newspaper and was then informed that the publication of the material would cost twenty cents a line per issue. Thereupon the defendant refused to use the advertising material, promptly returned it and rescinded the contract. The plaintiff contends that the defendant could have ascertained by inquiry from the newspaper the exact cost of printing the advertising material, that the newspaper was only about two blocks from the place of business of the defendant, that if he was deceived and misled it was due to his own want of care; that defendant was precluded by the clause in said contract quoted above from alleging or proving the alleged fraud. AFFIRMED.

For appellant there was a brief over the names of *Mr. C. D. Christensen* and *Mr. Maurice W. Seitz.*

For respondent there was a brief over the name of *Messrs. McGuirk & Schneider.*

COSHOW, J.—2. The plaintiff substantially concedes that all the elements of fraud are alleged in the complaint, excepting two which it states in his brief in the following form: "That the complaining party did act in reliance upon it; that the complaining party suffered injury thereby." The answer contains this allegation:

"That the said defendant, relying upon said fraudulent misrepresentations, agreed to lease the said service from the said plaintiff with the specific understanding, however, that the said service should cost only the sum of ten (10) cents per inch per insertion, as stated and represented by said plaintiff's agent, William E. Slandon."

We think this allegation is a sufficient averment that the defendant relied upon the false representations alleged to have been made by the plaintiff. It does not require argument to convince one that the answer alleges sufficient cause to show injury to the defendant. By promptly rescinding the contract he received no benefit from it. The plaintiff is now seeking to recover from the defendant, $109.20, the full price charged for the lease of the advertising material. This is sufficient to show injury to the defendant who does not seek to recover damages, but to be relieved from the burden of the contract.

3–5. The plaintiff represented to the defendant that he had inquired of the newspapers and had come directly from a newspaper office to solicit the order

from the defendant. The cost of publishing the advertising was a material matter. The defendant had the only jewelry store in Gresham. The cost of publishing the advertising offered by the plaintiff would largely govern whether or not the defendant would lease it. The plaintiff retained the title to all advertising material agreed to be furnished to the defendant. This material consisted of cuts and type the use of which only was being offered to the defendant for the purpose of inducing the defendant to enter into the contract leasing the advertisements. The plaintiff represented to him that its publication in a newspaper would cost about half of what the newspaper would actually charge for it. This representation doubtless was made for the purpose of inducing the defendant to enter into the contract. The representation was false. The defendant did act upon it and the evidence discloses so implicitly that he did not learn its falsity until he had taken the first installment of the material shipped to him to the newspaper for publication. Not only does the testimony but also his conduct tend to prove his reliance upon the misrepresentation. It does not seem to have occurred to the defendant to doubt the statements made to him by plaintiff's agent. One who intentionally, knowingly and wilfully makes a false statement to another thereby inducing the other to enter into a contract which he would not have made but for such false statements ought not to be heard to say that the injured party should not have believed it but should have instituted an independent inquiry for the purpose of ascertaining the truth of such representation before entering into the contract: "A person cannot escape the consequences of a deliberate

false representation, made with intent to deceive, and which did deceive, by showing that the other party had the opportunity to ascertain the truth for himself.'' 13 C. J. 392, § 301; *Davis* v. *Mitchell,* 72 Or. 165, 185 (142 Pac. 788), and following, *Linington* v. *Strong et al.,* 107 Ill. 295, 302, cited in C. J. above under note 99. There is no doubt that the false representation complained of was of facts. The subject matter was not one of opinion, or anything in the nature of trade talk. The statement made by the plaintiff's agent was well calculated to forestall inquiry on the part of the defendant: *McCabe* v. *Kelleher,* 90 Or. 45 (175 Pac. 608). He told the defendant that he had come directly from the newspaper office and there procured the prices for publishing the advertisements offered to the defendant. More than 90 per cent of commercial transactions of the world are done upon credit. Confidence is the basis of credit. The plaintiff and defendant had but the one interview. The only way in which defendant could have ascertained the falsity of the representations made to him would have been by taking an opportunity to make inquiry at the newspaper office. Plaintiff's agent represented that he had just come from that office. This statement naturally and reasonably prevented the defendant from instituting an independent inquiry. If dealers cannot rely upon such statement of fact as was made by the plaintiff in the instant case commercial transactions would be greatly hampered. As is said by Kerr on Fraud and quoted in *Davis* v. *Mitchell* above:

''A man who has made false representations, by which he has induced another to enter into a transac-

tion, cannot turn around on the person whom he has defrauded and say that he ought to have been more prudent and ought not to have concluded the representation to be true in the sense which the language used naturally and fairly imports."

It is a rule at law that:

"When the terms of an agreement have been reduced to writing by the parties, it is to be considered as containing all those terms, and therefore there can be, between the parties and their representatives or successors in interest, no evidence of the terms of the agreement, other than the contents of the writing, except in the following cases: 2. Where the validity of the agreement is the fact in dispute. But this section does not exclude other evidence * * to establish illegality or fraud."

6. In the instant case the validity of the agreement is challenged by the defendant: *Hetrick* v. *Gerlinger Motor Car Co.*, 84 Or. 133, 139, 140 (164 Pac. 379). "Fraudulent representations forming the inducement to a contract, are ground for relief against it, though the contract is reduced to writing, and does not mention them." *Foss* v. *Newbury*, 20 Or. 257 (25 Pac. 669). The evidence for the plaintiff was unsatisfactory. The answers of the agent of the plaintiff who made the contract were evasive and amounted simply to saying that whatever he might have said to the defendant about the cost of publishing the advertisements was what the newspaper said to him in case he did inquire. The evidence in behalf of the defendant was direct and positive. The assistant manager of the newspaper testified that she told the agent of the plaintiff that the price for publishing the advertising leased to defendant would be 20 cents per line. There is no substantial dispute of the defendant's testimony to the effect that the agent told

him the price would be 12 cents for 'one insertion and 10 cents per line for successive insertions. The findings of the court are in accordance with the preponderance of the evidence and support the conclusions of law. The decree is affirmed.    AFFIRMED.