**MERGENTHALER LINOTYPE CO. v.**
**EVANS et al.**
**No. 7234.**

Circuit Court of Appeals, Ninth Circuit.

Feb. 23, 1934.

Lord, Moulton & Krause, of Portland, Or., and W. W. Welsh, of Brooklyn, N. Y., for appellant.

Calkins & Calkins, of Eugene, Or., for appellees.

Before WILBUR and GARRECHT, Circuit Judges, and NORCROSS, District Judge.

GARRECHT, Circuit Judge.

The appellant, as plaintiff, brought an action against appellees upon a contract entered into about April 6, 1931, under the terms of which appellees agreed to purchase a linotype machine from the appellant, "trading in" an intertype machine owned by the appellees, which had just been damaged by a fire.

The appellant brought suit on the contract of sale. Appellees answered, admitting the execution of the contract, but as an affirmative defense, alleged that the contract was induced by fraudulent representations made to them by appellant's agent as to the condition and usability of the appellees' intertype machine, which was to be delivered to appellant as part payment on a new machine.

The assignments of error relate to the refusal of the court to direct a verdict in favor of plaintiff, and to the giving of certain instructions by the trial judge.

The affirmative answer alleges that prior to March 30, 1931, the appellees were partners in the printing business in the city of Eugene, Or., under the assumed business name of Valley Printing Company; that as a part of the equipment of their establishment, they owned and operated an intertype typesetting machine, being the identical machine described in the contract; that on March 30, 1931, a fire occurred in the building occupied by the defendants' plant, and the stock and equipment was largely consumed therein, and as a result of the fire the intertype typesetting machine was scorched and smoked, and presented an irreparably damaged appearance; that the appellees were wholly inexperienced and unable unaided to determine the extent of the damage to their machine; that on the day after the fire one Bowen, an agent of the appellant, came to the appellees and informed them that he was an experienced typesetting machine man, knew the business thoroughly, and had salvaged machines of that kind before; that Bowen further, with the consent and acquiescence of appellees, removed the typesetting machine from the ruins to where he would be able to determine what its condition was, so as to disinterestedly advise them whether it could be repaired and salvaged, or whether it was in a condition that would not warrant expenditure and repair; that after removal and examination he would then be able to determine its condition and the cost of repairing it, if it could be repaired; that plaintiff's agent took charge and removed the intertype machine and thereafter reported to defendants that he had made an examination, which he stated was exhaustive and minute, and told them that the machine was a total wreck, was worthless, could not be profitably repaired or salvaged; and that appellees, believing and relying upon these statements, signed the contract prepared by said Bowen.

The affirmative answer further alleges that in truth and in fact the intertype machine was not injured other than superficially, and was not a wreck or worthless, and that appellees caused it to be repaired at a cost of $153.45. The answer further alleges that immediately upon ascertaining the truth, the defendants notified plaintiff that they had signed the contract under misapprehension induced by the false and fraudulent statements of their agent, Bowen, and requested appellant not to forward the linotype machine mentioned in the contract, and that they would not accept the same.

It is also alleged in the answer that the agent's statements with respect to the condition of the injured intertype machine were false and that the said agent, Bowen, at the time of making them knew that they were false; that they were made for the purpose of deceiving defendants, to induce them to make the unnecessary purchase of the linotype machine from the appellant; and that the deceit of the agent caused them to enter into and sign the contract, which they would not have done but for such false statements and their belief in them.

The case was tried upon the issues raised

by the affirmative answer. The appellees introduced substantial evidence to sustain these allegations of their answer. The appellant introduced evidence in contradiction thereof. Its agent, Bowen, testified that in this transaction he assumed no fiduciary or confidential relations toward defendants; that he was merely acting as salesman for plaintiff and statements made by him were matters of opinion only. His qualifications as an expert were admitted.

The only questions before this court are: Should the District Court have granted the motion for a directed verdict? And, was error committed in the charge of the court as claimed in the assignments of error?

Concerning the first assignment, that the court erred in refusing to grant plaintiff's motion for a directed verdict in its favor, made at the conclusion of all the evidence, we hold that there was ample evidence to sustain defendants' affirmative answer, and, as there was conflict in the testimony, the question was properly one for the jury. Defendants' pleading alleged fraud in the procurement of the contract, and the evidence to support this charge was substantial, and met the legal requirements. The testimony was to precise, definite statements of fact, made by plaintiff's agent to induce defendants to enter into the contract. From the evidence the jury was warranted in finding that the agent of plaintiff was possessed of superior knowledge concerning the machine, and at the same time occupied a position of trust and confidence toward the defendants; that representations by the agent in relation to the transaction were untrue, or were made in reckless disregard of the truth, but were believed and relied upon by defendants.

"Where the speaker has superior knowledge or means of knowledge and a relation of confidence exists, such that the speaker knows the hearer relies upon his statements as true, the speaker's expression of opinion intended to deceive constitutes remedial fraud." 26 C. J. 1086.

"To be considered in deciding the question is the subject-matter, the respective knowledge of the parties, and the form of the statement. These matters are ordinarily for the determination of the jury." Smith v. Anderson, 74 Or. 90, 144 P. 1158, 1159.

" * * * But if the representations were intended to be the statement of a fact, to be understood and relied upon as such, relief will be granted to the purchaser who has been injured thereby, and the question should be left to the jury to say whether the repre-

sentations were mere expressions of opinion as to value or the statement of a material fact * * *." Shute v. Johnson et al., 25 Or. 59, 34 P. 965, 966.

In the state of Oregon where this action arose, "it is well settled * * * that knowledge will be imputed to one who, for the purpose of inducing another person to act, makes a false representation of a material fact as of his own knowledge without knowing whether it is true or false." Sharkey v. Burlingame Co., 131 Or. 185, 282 P. 546, 549 (citing Cawston v. Sturgis, 29 Or. 331, 43 P. 656). The case of Phipps v. Willis, 53 Or. 195, 96 P. 866, 868, 99 P. 935, 18 Ann. Cas. 119, states: "Nor is direct and positive proof essential to the establishment of fraud. It is always permissible to prove it by any circumstances from which it may follow as a legitimate inference; this class of evidence in many instances being the only proof available."

This statement is quoted with approval in Porter v. O'Donovan et al., 65 Or. 1, 130 P. 393, 396. Nor is one permitted to make false representations which induce another to enter into a contract and then assert that the party defrauded should have been more prudent and ought not to have believed the representation. Outcault Advertising Co. v. Jones, 119 Or. 214, 234 P. 269, 239 P. 1113. And this rule extends even to where the other party had the opportunity to ascertain the truth for himself. Davis v. Mitchell, 72 Or. 165, 185, 142 P. 788.

The other fourteen assignments of error are confined to the charge of the court to the jury. In the first of these the exceptions are upon the ground that there is nothing in the evidence which gives rise to the application of the rule stated in the instruction which concerned representations made by Bowen, it being contended that the law does not apply to a person making representations concerning property belonging to another party. In this case Bowen was acting in the interest of the appellant, and the evidence indicated that this agent knew more about the intertype machine than did the defendants, and he was speaking for the purpose of securing an advantageous contract for appellant. In this view of the case the instruction was proper. The Supreme Court of Oregon, in Castleman v. Stryker et al., 107 Or. 48, 213 P. 436, 439, said: "There are cases where the seller or purchaser may put upon the other the responsibility of informing him correctly as to the market value or as to any other fact known to him affecting the value of the property,

290

and while, in such a case, the party is not bound to answer, yet, if he does answer, he is bound to speak the truth, and, if his answer is untrue and prejudice results therefrom, it is fraud."

 All other exceptions are based upon the general ground that there is no evidence to sustain or make applicable the rule therein stated. Objections such. as these are too general to call the attention of the trial court to the specific point involved, so that it may have the opportunity of correcting errors, if any. However, it can be assumed that the theory upon which the objections were made was that there was no fraud in the case. We have already determined this question, and we are convinced that the authorities sustain the instructions given by the trial court.

We find no error in the record.

Judgment affirmed.