GEORGE W. BEAGLE, Respondent, *v.* ROBERT HARBY and JOSEPH HARBY, Appellants.

*Evidence — entire verbal contract, partly reduced to writing — a deed made in part performance of a verbal contract to share the profits of a real estate transaction.*

The rule that all previous negotiations or conferences between the parties are merged in a subsequent written instrument is open to qualification, as, *e. g.*, a contract which is not required by statute to be in writing may be partly expressed in writing and partly by an unwritten agreement between the parties, and if so, such agreement may be proved by parol, and when a verbal contract is entire, and a part only, in part performance, is reduced to writing, parol proof of the entire contract is competent.

The general rule which excludes parol evidence when offered to contradict or vary the terms, provisions or legal effect of a written instrument, has no application to collateral undertakings or cases in which the written instrument was executed in part performance of an entire oral agreement.

An action was brought to recover damages for the breach of a contract, which, as alleged and found by the jury, was that the plaintiff would transfer to the defendants his farm for $2,200; that the defendants would sell the farm to a third party for the highest price obtainable, and divide equally with the plaintiff any sum they should receive in excess of the price paid by them. The plaintiff accordingly deeded the farm to the defendants, who sold and conveyed it to the third party for $2,800, which was paid by transferring to the defendants another farm at the agreed price of $1,700 and delivering to them a bond and mortgage for $1,100. The defendants paid the plaintiff the consideration named in his deed to them, but refused to pay him any portion of the amount they were to receive in excess thereof on the sale made by them to the third party.

The plaintiff was permitted to establish the contract by parol evidence under the objection of the defendants, who claimed that parol evidence of the contract between the parties was inadmissible, because all their preceding negotiations were merged in the deed, and that the parol evidence tended to contradict or vary its terms.

*Held*, that the deed from the plaintiff to the defendants was not a complete contract embracing all the particulars of the agreement or designed to express the

whole agreement between the parties, and that the parol evidence of the entire contract given was consistent with and not contradictory of the deed, and was, therefore, properly admitted.

It appeared that the farm received by the defendants from the third party had not yet been sold by them, but the plaintiff's proof was that he offered to take it at the price allowed for it by the defendants, provided they would allow him one-half of the sum that they would thus receive above the $2,200, paid for the plaintiff's farm, and that the defendants not only refused to allow or pay him that sum, but denied the existence of any such contract or any liability to pay the plaintiff any portion of the profits of the transaction.

*Held*, that under these circumstances the action was not prematurely brought.

APPEAL by the defendants, Robert Harby and Joseph Harby, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of Delaware county on the 30th day of September, 1892, on the verdict of a jury rendered at the Delaware Circuit, and also from an order made at Special Term, and entered in said clerk's office on the 10th day of April, 1893, denying the defendants' motion for a new trial on a case and exceptions.

*E. H. Hanford*, for the appellants.

*Alexander Neish*, for the respondent.

MARTIN, J.:

The facts in this case, so far as they relate to the questions presented on this appeal, can be briefly stated. The action was to recover damages for the breach of a contract. The contract as alleged and found by the jury was that the plaintiff would transfer to the defendants his farm for the sum of $2,200; that the defendants would sell it to one Olmstead, if possible, and get the highest price they could obtain, and divide equally with the plaintiff any sum they should receive for it in excess of the price paid.

In pursuance of this agreement the plaintiff deeded his farm to the defendants who, on the same day, sold and conveyed it to Olmstead. The consideration for the last transfer was $2,800, which was paid by transferring to the defendants another farm at the agreed price of $1,700, and delivering to them a bond and mortgage for $1,100. The defendants paid the plaintiff the consideration named in the deed to them and for certain personal property pur-

chased by them of the plaintiff, but did not pay him any portion of the amount they were to receive for the farm in excess of the price paid. This action was to recover one-half of the profits arising from such purchase and sale. If the contract between the parties, was valid the proof was sufficient to sustain the verdict.

The farm received from Olmstead in exchange for the one sold by the plaintiff has not been sold by the defendants, yet the plaintiff's proof was that he offered to take the place at the price allowed for it by the defendants, provided they would allow him one-half of the sum that the defendants would thus receive above the $2,200, paid for the plaintiff's farm as they agreed, and that the defendants not only refused to allow or pay him that sum, but denied the existence of any such contract, or any liability on their part to pay the plaintiff any portion of the profits of the transaction. Under these circumstances we are of the opinion that the plaintiff was entitled to maintain this action, provided the contract between the parties can be enforced, and that the defendants' motion to dismiss the action because it was prematurely brought, was properly denied.

The most important and the only other question raised on this appeal relates to the admissibility of the plaintiff's evidence to establish the contract between the parties. The appellants claim that parol evidence of the contract made between the parties was inadmissible because all their preceding negotiations were merged in the deed, and that it tended to contradict or vary its terms. If the deed between the parties embraced all the agreements and understandings made or had between them, the former negotiations would be merged in it. But the rule that all previous negotiations or conferences between the parties are merged in a subsequent written instrument is open to this qualification. A contract, which is not required by statute to be in writing, may be partly expressed in writing and partly by an unwritten understanding between the parties, and if so, such understanding may be proved by parol. Where a verbal contract is entire, and a part only, in part performance, is reduced to writing, parol proof of the entire contract is competent. (*Hutchins* v. *Hebbard*, 34 N. Y. 24; *Hope* v. *Balen*, 58 id. 380; *Brigg* v. *Hilton*, 99 id. 517.) The plaintiff's proof in this case showed that the whole contract between the plaintiff and defendants was not reduced to writing, and that the deed was exe-

cuted and delivered in part performance only of the entire contract between them. We think this case falls within a qualification of the general rule, and that the court properly admitted the evidence unless the defendants' claim that it tended to contradict or vary the deed should be sustained.

The general rule which excludes parol evidence when offered to contradict or vary the terms, provisions or legal effect of a written instrument is well settled. There are various cases, however, where this rule does not apply. It has no application to collateral undertakings (*Lindley* v. *Lacey*, 17 C. B. [N. S.] 578; *Jeffery* v. *Walton*, 1 Stark. 267; *Batterman* v. *Pierce*, 3 Hill, 171; *Erskine* v. *Adeane*, L. R. [8 Ch. App.] 755; *Engelhorn* v. *Reitlinger*, 122 N. Y. 80), or where the written instrument was executed in part performance only of an entire oral agreement. (*Chapin* v. *Dobson*, 78 N. Y. 74; *Van Brunt* v. *Day*, 81 id. 251; *Juilliard* v. *Chaffee*, 92 id. 529; *Brigg* v. *Hilton*, 99 id. 526; *Ferguson* v. *Baker*, 116 id. 257; *Routledge* v. *Worthington Co.*, 119 id. 593; *Pond* v. *Harwood*, 139 id. 126.)

If the plaintiff's theory in this case was correct, and the jury has so found, the deed from the plaintiff was not a complete contract embracing all the particulars of the agreement, or designed to express the whole arrangement between the parties, and the parol evidence given was consistent with and not contradictory of the deed. This case does not, therefore, come within the principle of *Thomas* v. *Scutt* (127 N. Y. 133, 138) and kindred cases.

We are of the opinion that the court properly admitted parol evidence of the agreement between the parties, and as no other errors are claimed by the appellants, the judgment should be affirmed.

HARDIN, P. J., and MERWIN, J., concurred.

Judgment and order affirmed, with costs.