Argued October 26, decided November 11, 1913.

## MALZER *v.* SCHISLER.

(136 Pac. 14.)

**Frauds, Statute of—Sale of Land—Action for Price.**

The statute of frauds is no defense to an action against the purchaser of land for the purchase price, where the deed has been executed, delivered and accepted, though at direction of the purchaser the deed was to a third person.

From Wallowa: JOHN W. KNOWLES, Judge.

En Banc. Statement by MR. JUSTICE EAKIN.

This is an action by Charles H. Malzer, against Henry Schisler to recover a balance due on the purchase price of land. Plaintiff sold a certain tract of land to defendant for the consideration of $1,700, and by defendant's direction conveyed the tract directly to Denny. Defendant paid $700 cash at the time of the contract, and assumed and agreed to pay a mortgage then existing on the land in the sum of $800. This left a balance of $200, which defendant agreed to pay within a few days. The complaint alleges that he has not paid the $200, and neglects and refuses so to do.

After a demurrer to the complaint was overruled, defendant answered, denying the allegations of the complaint, and as an affirmative defense pleaded the statute of frauds, to which a demurrer was sustained. Defendant then filed an amended answer, which is a

specific denial of every allegation of the complaint, except that he has not paid the $200. Upon the trial the defendant objected to the proof offered by the plaintiff to establish the agreement of sale and promise to pay, for the reason that it is an attempt to prove by parol an agreement for the sale of real estate, which objection was overruled. Upon trial verdict was rendered for plaintiff. Defendant appeals.

AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. Thomas M. Dill.*

For respondent there was a brief and an oral argument by *Mr. James A. Burleigh.*

MR. JUSTICE EAKIN delivered the opinion of the court.

Defendant makes but one point upon the appeal, namely, that the agreement of sale was in parol, and therefore that a promise by defendant to pay the $200 cannot be established. We understand the rule in such a case to be that where there is an oral agreement for the sale of land, and the property has been conveyed to the vendee, the agreement is so far executed that it is thereby taken out of the statute of frauds. In an action to recover the balance of the purchase price the agreement to pay may be shown by parol, including the consideration for the promise to pay. In 39 Cyc. 1918, it is stated: "As a general rule the statute of frauds is a good defense to an action by a vendor on an oral contract of sale of land to recover the purchase price, unless the deed has been executed and delivered to or accepted by the purchaser. A purchaser in possession under a contract for the title cannot resist payment of the purchase price on the ground that he did not sign the contract": See, also, *Walker* v. *Owen*

79 Mo. 563; *Cagger* v. *Lansing,* 43 N. Y. 550; *King* v. *Smith,* 33 Vt. 22. In 20 Cyc. 294, where many authorities are cited, it is said: "The statute is no bar to an action to recover for the price of land actually conveyed, where the deed has been accepted or title has otherwise passed, although the grantor could not have been compelled to convey, or the grantee accept a deed, because the contract was oral." Defendant also suggests the point that the deed was not made to him, and that the property was not in his possession; but he made the contract of purchase and directed that the deed be made to Denny. Acceptance of the deed by Denny was acceptance by defendant. Plaintiff had no contract with Denny, and defendant's liability on his contract for the price is the same as though the deed were to himself. Our Supreme Court assumes the existence of this rule, and, going further, holds that a promise to pay the price to a third party is also binding upon the vendee, and may be proved by parol: See *Kiernan* v. *Kratz,* 42 Or. 474 (69 Pac. 1027, 70 Pac. 506); *Feldman* v. *McGuire,* 34 Or. 309 (55 Pac. 872); *Cooper* v. *Thomason,* 30 Or. 161 (45 Pac. 296). And this question was also involved in *McLeod* v. *Despain,* 49 Or. 536 (124 Am. St. Rep. 1066, 90 Pac. 492, 92 Pac. 1088, 19 L. R. A. (N. S.) 276.)

The judgment of the Circuit Court is affirmed.

Affirmed.