## N. NELSON v. HUGH M. McELROY AND ANOTHER.[1]

July 5, 1918.

No. 20,847.

**Exchange of property — consideration for deed — oral evidence to explain contract.**

1. A contract to convey land recited that part of the consideration should be the conveyance of a quarter section of land "near Weyburn * * * agreed upon," and "owned by said second party." The "said second party" owned no land "near Weyburn." He received the conveyance due him but refused to convey any land himself. The court received evidence that it was verbally agreed that the land to be conveyed should represent a consideration of $2,000.

**Same — indefinite executory contract unenforceable.**

2. The contract was not a binding one to convey any particular piece of land. While executory it could not have been enforced on either side.

**Same — otherwise after performance by one party.**

3. But the "party of the second part" having received full performance from the other party must respond to the value of the consideration he was to give.

**Same — evidence of value — statute of frauds.**

4. Evidence of what the parties agreed as to the value of the land to be conveyed was proper. It did not contradict the written contract but supplemented it, and the agreement so far as it related to the amount of the consideration was not within the statute of frauds.

[1]Reported in 168 N. W. 179, 587.

Action in the district court for Hennepin county to recover $2,199.85, a balance due on the sale of certain real estate. The answer denied that defendants were indebted to plaintiff in any sum whatever. The case was tried before Steele, J., who when plaintiff rested denied a motion to dismiss the action as to defendant Blomberg, and at the close of the testimony motions of defendants for dismissal of the action and for a directed verdict, and a jury which returned a verdict for $2,696.85. From an order denying their motion for judgment notwithstanding the verdict or for a new trial, defendants appealed. Affirmed.

*Victor M. Petersen,* for appellants.

*N. L. Ericson* and *Paul J. Thompson,* for respondent.

HALLAM, J.

1. N. Nelson Company, plaintiff's assignor, owned a flat building in Minneapolis. On February 25, 1913, the Nelson Company entered into a contract in writing with defendant Blomberg, a mere "straw man" for defendant McElroy, to convey the flat building "in consideration of the sum of $34,800 * * * and a quarter section of land near Weyburn, Canada, agreed upon." The contract recited that the flat building was subject to mortgages of $26,800 which the purchaser assumed; that $8,000 was to be paid in money; that said land "near Weyburn" was subject to a mortgage of $2,000, and was "now owned by said second party" (Blomberg). Defendants in fact had no land near Weyburn, Canada, and none had been "agreed upon." It is claimed, defendants verbally represented that they expected to get such a quarter section of land near Weyburn but did not yet have title to it. About April 4, 1913, the Nelson Company deeded the flat building to Blomberg pursuant to this contract and received the consideration other than the Canada land and Blomberg gave to the Nelson Company a letter agreeing to deed to it within about 30 days a quarter section of land near Weyburn subject to $2,000. At about the same time defendants negotiated a resale of the flat building to one Ashford and received in exchange 960 acres of land near Weyburn. Defendants made no attempt to comply with their agreement to convey the Canada land.

Plaintiff brings this action to recover $2,000 alleging that the Canada land represented a consideration of $2,000 and that it was agreed that

the equity in the land above the mortgage should be worth that amount.

The court received evidence of these facts. This evidence was not disputed. In submitting the case to the jury the court treated this as an action to recover the value of the land to be conveyed. The jury returned a verdict for the $2,000 and interest. From an order denying an alternative motion for judgment or a new trial defendants appealed.

There can be no doubt that in right and justice plaintiff has not received his due. Defendants have received the full consideration that the contract gave them and plaintiff has not. Nor do defendants claim that they have ever offered or are now willing to give to plaintiff what the contract undertook to give him. In other words, defendants have not complied with this part of their contract and are unwilling to comply, not because in justice they should not do so, but because they conceive that under the forms of law compliance cannot be compelled.

2. It seems clear that the contract was not a binding one to convey any particular quarter section of Canada land. It wholly fails to identify any land. The obligation to convey was too uncertain for enforcement and it is doubtless true that the contract, while executory, could not have been enforced on either side, for a contract too indefinite for enforcement against one party is not binding on the other. Emerson v. Pacific C. & N. Packing Co. 96 Minn. 1, 104 N. W. 573, 1 L.R.A. (N. S.) 445, 113 Am. St. 603, 6 Ann. Cas. 973.

3. But this contract is no longer executory. Plaintiff's assignor fully performed on its part and defendants have accepted performance. It is a well-settled and salutary rule applicable to contracts within the statute of frauds that, if the vendee receives his grant pursuant to the unenforceable contract, he must in turn pay the consideration agreed and he cannot avoid payment on the plea that the contract was not an enforceable one. Brackett v. Evans, 1 Cush. 79; Malzer v. Schisler, 67 Ore. 356, 136 Pac. 14, 15 L.R.A.(N.S.) 77.

A similar rule applies where the verbal contract is for an exchange instead of a sale of land. If one party conveys pursuant to the contract and the other receives the conveyance he cannot have free the land so conveyed. His verbal contract to convey cannot be specifically enforced but he must respond to the value of the consideration he was to give. Basford v. Pearson, 9 Allen (Mass.) 387, 85 Am. Dec. 764. See also

Huff v. Hall, 56 Mich. 456, 23 N. W. 88; Beagle v. Harby, 73 Hun, 310, 26 N. Y. Supp. 375.

The same principle is applicable here. Defendants cannot, for the reasons stated, be compelled to convey any particular land, but they may be required to pay in money an amount which the land represented if that can be ascertained. Although the land was not identified or described, yet the value in money that it stood for has been given us by evidence that is undisputed.

This evidence did not contradict the contract. It supplemented the contract. The written contract referred to this supplemental agreement and the latter may accordingly be proved, though the effect be to add a material term to the writing (Ruggles, N. M. & Co. v. Swanwick & Duffy, 6 Minn. 365 [526]), and the statute of frauds does not, as we have seen, exclude evidence of the value of the consideration for the conveyance which defendants received. Order affirmed.

On August 2, 1918, the following opinion was filed:

PER CURIAM.

Appellant's petition for reargument has impressed us with the idea that perhaps the ground of our decision has not been made sufficiently clear.

What we hold is that when, in an unenforceable contract for the exchange of land, one party conveys and the other does not, the party not performing must pay a consideration for what he received, and if the price of the land which he failed to convey was fixed that price may be recovered. This is but another way of saying the price of the land which was conveyed may be recovered and under well settled principles this may be done. The trial court did not adopt just this theory of the case but, since the evidence as to the portion of the price represented by the land to be conveyed by defendants was not disputed, we are of the opinion the case may be affirmed on this theory.

In our opinion the defendant Blomberg was properly held. No question of election is presented by the record.

Motion for reargument denied.