# WIGGINS et ux,
*Appellants,*

*v.*

# BARRETT & ASSOCIATES, INC. et al,
*Respondents.*

## (No. 37187, CA 16909)

632 P2d 1373

James M. Gillis, Newport, argued the cause for appellants. With him on the brief was Litchfield, MacPherson, Carstens & Gillis, Newport.

Clifford G. Collard, Toledo, argued the cause for respondent Barrett & Associates, Inc. With him on the brief was Paul B. Osterlund, Toledo.

Richard D. Beeson, Newport, argued the cause for respondent Gleneden Sanitary District. With him on the brief was Minor, Yeck & Beeson, P.C., Newport.

Before Buttler, Presiding Judge, and Warden and Warren, Judges.

WARREN, J.

## WARREN, J.

This is an action for breach of contract[1] brought against Gleneden Sanitary District and Barrett & Associates, Inc. (Barrett), an engineering firm. Plaintiffs, homeowners in a new sewer district, allege they entered into an oral contract with David Gage, an agent of Barrett and a subagent of the District, to obtain a gravity flow hookup in exchange for an easement across their land. Defendants did not provide a gravity flow hookup, and plaintiffs now seek damages for breach of contract.

The trial court allowed "summary judgment" in favor of the District and a directed verdict in favor of Barrett, on the ground the contract was within the Statute of Frauds. Plaintiffs assign error to this ruling. We affirm.[2]

In April, 1975, plaintiffs received a letter from the District requesting an easement across their property for a sewer line. The letter indicated that if plaintiffs conveyed the easement to the District within 30 days, the District would connect plaintiffs to the system without requiring a connection charge. Plaintiffs were concerned that the line

---

[1] This case went to trial on plaintiffs' second amended complaint alleging three "causes of action." The first and third causes of action in plaintiffs' second amended complaint alleged negligence against Barrett & Associates. The second count directed against both defendants alleged breach of an express contract to provide a gravity flow sewer in exchange for plaintiffs' grant of an easement.

The court sustained a demurrer by Barrett & Associates to plaintiffs' entire original complaint which alleged negligence only. No judgment was entered on the demurrer. Plaintiffs then repleaded their negligence cause of action in the first count of their first amended complaint and a motion for summary judgment as to Barrett & Associates was granted, to become a final order upon resolution of all issues as to all parties. In their second amended complaint, plaintiffs repleaded the negligence allegations as to which the summary judgment had been granted and pleaded an additional third cause of action for negligence. Plaintiffs on appeal assigned error to the order granting the demurrer. The order sustaining the demurrer was not an appealable order. *J. Gregcin, Inc., v. City of Dayton,* 287 Or 709, 716, 601 P2d 1254 (1979). Plaintiffs do not assign error to the granting of the motion for summary judgment as to the first cause of action, nor do they raise any issue with regard to the third cause of action, both of which alleged negligence.

[2] Defendant Barrett contends that the trial court erred in denying its motion for directed verdict on the grounds that it was acting as an agent for a disclosed principal, and was thus not a party to the contract, and this error should be considered if we reverse the trial court. In view of our decision on the question of the Statute of Frauds, we do not reach this contention.

be low enough for them to have a gravity flow system, rather than a more expensive and troublesome pumping system. They called the telephone number listed on the letter, and the secretary of the District referred plaintiffs to Barrett, whom the District had hired to supervise the construction. Barrett, in turn, referred plaintiffs to its field inspector, Mr. Gage. Plaintiffs met with Gage at their home on April 25, 1975.

There are conflicts in the evidence concerning the content of the ensuing conversation, but even taking the evidence in the light most favorable to plaintiffs, we conclude that at this meeting Gage informed plaintiffs that the District would be able to furnish them a gravity flow system. Relying on this understanding with Gage, plaintiffs signed the instrument conveying the easement and returned it to the district office, with no additional writings. In August, 1975, plaintiffs noticed a manhole on their property and ascertained that it was not deep enough to provide gravity flow service to their home. They were unable to convince the District to lower the line to the necessary depth and instituted this action for general damages and the cost of installing and maintaining the more expensive pumping system.

Plaintiffs assign as their first error the granting of the District's motion for summary judgment at the close of plaintiffs' case. Because a motion for summary judgment is a pretrial motion that must be served at least ten days before trial (ORCP 47C), for the purposes of this appeal we treat it as a motion for a directed verdict under ORCP 60.

Plaintiffs assign as their second error the granting of Barrett's motion for a directed verdict made at the close of all the evidence. The trial court found that the contract was within the Statute of Frauds and that the evidence did not support a finding that Gage had written authority to make a contract concerning real property as the agent of the engineer or the subagent of the District. Because both motions were granted on the same basis, we will consider them together.

■ ORS 41.580 states, in part, that "an agreement for the leasing for a longer period than one year, or for the sale

of real property, or of any interest therein," is "void unless it, or some note or memorandum thereof, expressing the consideration, is in writing and subscribed by the party to be charged * * * ." *See* ORS 41.580(5). Plaintiffs concede that the granting of an easement falls within ORS 41.580(5), precluding oral contracts creating interests in land. *Tusi v. Jacobsen,* 134 Or 505, 511, 293 P 587, 293 P 939 (1930); *Foss v. Newbury,* 20 Or 257, 260, 25 P 669 (1891).

Plaintiffs contend, however, that it was error to consider this oral contract as within the Statute of Frauds, because it did not concern an interest in land, but merely the use of an easement after it was created. In support of their contention that an agreement for the use of an easement need not be in compliance with the Statute of Frauds, plaintiffs cite *Lyman Grazing Association v. Smith,* 24 Utah 2d 443, 473 P2d 905 (1970). In that case the Utah court upheld an oral agreement to relocate an existing easement which had allegedly been consented to by the authorized representative of plaintiffs' predecessor in interest. Whether *Lyman* was correctly decided may be questioned *(see* dissent, 473 P2d at 908-10), but in any event, it does not apply to the facts of this case. Here, according to plaintiffs' own pleadings, the contract allegedly entered into was not one for the change of use or location of an existing easement, but was one:

" * * * made on or about April 26, 1975 [the date of their conversation with Gage] to install a sewer line above plaintiffs' property which would allow gravity flow service to plaintiffs' entire house at a depth of 11 feet. That in consideration for this agreement, plaintiffs provided the district with a written easement on April 29, 1975."

Plaintiffs' testimony is consistent with these allegations. Mrs. Wiggins testified on direct examination: "I explained to Mr. Norcott that we were concerned that we were not going to give an easement unless we had gravity flow * * * ." Mr. Wiggins testified: " * * * but we did want to know if he [Gage] was going to get gravity flow before we would sign the easement." This is not a case in which an existing easement's use or position was changed after the easement itself was created. Rather, plaintiffs have consistently said that gravity flow service was what they

contracted for and that they would not have agreed to the easement had the contract merely been one for a free sewer connection. The contract was clearly one for the creation of a new easement on plaintiffs' real property.

■    While we conclude that the oral agreement in question is one which, if wholly unexecuted, would fall within the provisions of ORS 41.580(5), we agree with plaintiffs' additional contention that because the portion of the agreement falling within the Statute of Frauds was fully executed, ORS 41.580(5) has no application. In *Malzer v. Schisler,* 67 Or 356, 136 P 14 (1913), plaintiff, by oral agreement with defendant, agreed to convey real property to a third person in consideration of defendant's payment of $1700. Plaintiff conveyed the property as agreed, and defendant paid part of the price. When defendant refused to make futher payments, plaintiff brought an action for the balance, and defendant raised the Statute of Frauds as a defense. The Supreme Court said:

> "We understand the rule in such a case to be that where there is an oral agreement for the sale of land, and the property has been conveyed to the vendee, the agreement is so far executed that it is thereby taken out of the statute of frauds. In an action to recover the balance of the purchase price the agreement to pay may be shown by parol, including the consideration for the promise to pay. In 39 Cyc. 1918, it is stated: 'As a general rule, the statute of frauds is a good defense to an action by a vendor on an oral contract of sale of land to recover the purchase price, unless the deed has been executed and delivered to or accepted by the purchaser. A purchaser in possession under a contract for the title cannot resist payment of the purchase price on the ground that he did not sign the contract.' " 67 Or at 357; *see also,* 73 Am Jur 2d, Statute of Frauds § 529.

■    In this case the alleged agreement was for the conveyance of an easement in exchange for defendants' construction of a gravity flow sewer thereon. The conveyance of the easement sought from plaintiffs by the District was made. Whether the consideration for that conveyance was a gravity flow sewer, as contended by plaintiffs, or for a free sewer connection, as contended by defendants, that portion of the agreement was not itself within the Statute of Frauds. The alleged agreement, being fully executed on

one side by the conveyance of the easement, was not unenforceable even though it was oral.

While the agreement would be enforceable had Gage purported to act for himself, Gage at all times purported to act only as an agent. The agreement, therefore, whatever it may have been, falls squarely within subsection (6) of ORS 41.580, making "voidable" agreements "concerning real property made by an agent of the party sought to be charged unless the authority of the agent is in writing." Subsection (6) of ORS 41.580 has been considered by the Oregon courts numerous times and has been consistently held to render unenforceable agreements made by agents whose authority was not conferred in writing. *Coleman v. Parry Center,* 43 Or App 775, 779, 604 P2d 424 (1979), *rev den* 289 Or 107 (1980); *Hage et ux v. Harvey et al,* 210 Or 652, 656-57, 313 P2d 448 (1957); *Marshall v. Strauss,* 160 Or 265, 274, 84 P2d 502 (1938); *Union Cent. Life Ins. Co. v. Toliver,* 152 Or 185, 193, 52 P2d 1129 (1936); *Ramsey v. Wellington Co.,* 114 Or 355, 369, 235 P 297 (1925); *Bessler v. Derby,* 80 Or 513, 519, 157 P 791 (1916); *Toomey v. Casey,* 72 Or 290, 295, 142 P 621 (1914); *Walk v. Hibberd,* 65 Or 497, 504-05, 133 P 95 (1913); *Chick v. Bridges,* 56 Or 1, 107 P 478 (1910); *see Kallstrom v. O'Callaghan,* 259 Or 210, 227, 485 P2d 1200 (1971); *Johnson v. Davis,* 252 Or 472, 475, 450 P2d 758 (1969). As was said in *Marshall v. Strauss, supra,* 160 Or at 274:

> "Where a writing is required the authority to sell [or buy] must be clear and explicit, and of such a character that a fair and candid person can see without hesitation that the authority is given."

And as we said in *Coleman v. Parry Center, supra,* 43 Or App at 779:

> "Where a writing is required under ORS 41.580(6), it must be explicit and of such a character that it clearly specifies the authority delegated to the agent. *Chick v. Bridges, supra; Marshall v. Strauss, supra.* While the statute of frauds was not designed to shield against the perpetration of fraud, *Young v. Neill et al,* 190 Or 161, 166, 220 P2d 89, 225 P2d 66 (1950), a party is bound at its peril to ascertain the extent of an agent's authority. *Bessler v. Derby, supra.*"

Plaintiffs have a difficult burden. Before the District would be bound by any contract entered into on its behalf by Gage, an employee of Barrett, they must show written authority from the District to Barrett to make agreements concerning real property and show that such authority was subdelegated by Barrett to Gage.[3] Plaintiffs offered numerous exhibits which, they contend, taken together constituted written authority from the District to Barrett to enter into contracts concerning real property. Minutes of the District board meetings and other meetings in which the board authorized Barrett to "handle complaints" and to "resolve problems" concerning the placement of lines were received in evidence. Also in evidence was the written contract between the District and Barrett, which provides that the resident inspector (Gage) is empowered to issue "change orders" not exceeding $500. As noted previously, a writing required by ORS 41.580(6) must be " * * * explicit and of such a character that it clearly specifies the authority delegated to the agent." *Coleman v. Parry Center, supra.* We conclude that these writings taken together fail, as a matter of law, to confer upon Barrett authority to bind the District to any agreement concerning real property. Even if so considered, it is clear that the only authority expressly granted was limited to "change orders" not exceeding $500 and that the cost of supplying plaintiffs with a gravity flow sewer would have greatly exceeded that amount. Plaintiffs were bound at their peril to ascertain the extent of Gage's authority. *Coleman v. Parry Center, supra; Bessler v. Derby, supra.* In view of the provisions of ORS 41.580(6), plaintiffs were not entitled to enforce their agreement with defendants.

Affirmed.

---

[3] Plaintiffs argue that written authority from Barrett to Gage to enter into contracts concerning real property on behalf of the District is unnecesary if Barrett's authority to enter into such contracts was granted in writing. This contention is without merit. *See Ramsey v. Wellington Co.,* 114 Or 355, 369, 235 P 297 (1925).