Argued January 10, affirmed February 13, 1969

JOHNSON, *Appellant, v.* DAVIS ET UX,
*Respondents.*

450 P. 2d 758

*Keith Burns,* Portland, argued the cause and filed briefs for appellant.

*Ray G. Brown,* Portland, argued the cause and filed a brief for respondents.

Before SLOAN, Presiding Justice, and GOODWIN and HOLMAN, Justices.

HOLMAN, J.

This is an action for damages for breach of contract. Plaintiff appealed from a directed verdict in favor of defendants.

Defendants were in the pet and pet supply business. They listed for sale with a real estate agent that portion of their business which dealt in tropical fish. The listing was for the sale of certain stock and inventory and the lease of a certain portion of the business premises.

Plaintiff was contacted by defendants concerning the sale and was referred to the real estate agent. Subsequently plaintiff negotiated with defendants directly and orally agreed upon terms which were put into a written agreement drawn by the agent upon an earnest

money form after consultation with defendants. The agreement, which was dated December 4, 1965, provided for the sale of the stock of goods and a lease of a portion of defendants' premises for the term of one year which was to commence on January 1, 1966, with an option for four more years. Plaintiff signed the agreement on December 4, 1965, and gave the agent a check for $1,200 on account of the purchase price. On the same day the agent signed the agreement and took it to defendants. The agreement was never signed by defendants.

Plaintiff thereafter terminated his job with a railroad company and on January 2 commenced work in the tropical fish department of the business. A partition was commenced to separate the fish department from the rest of the business and a separate cash register was installed. There was evidence that the defendant, Mr. Davis, told a supplier that plaintiff was taking over and would be ordering supplies in the future. On the 22nd or 23rd of January defendants informed plaintiff that they had consulted their lawyer and that he had told them they could not handle the transaction. Thereafter, the agent returned plaintiff's $1,200 check to him. The check had never been cashed or delivered to defendants by the agent.

There is no direct evidence on the part of anyone that plaintiff was ever told that defendants had not signed the document dated December 4. The defendant, Mrs. Davis, testified plaintiff was cautioned not to quit his job and was told he could come in and observe to see what he thought. This was not denied by plaintiff. Also, on the 20th of January a new agreement was drawn by the agent and shown to plaintiff but was never signed by anyone.

Plaintiff first contends that the requirements

of the statute of frauds were satisfied by the real estate agent's signing of the agreement on defendant's behalf. There is no evidence that the agent had authority to sign the contract for defendants or that he purported to do so. The agreement was drawn on an earnest money form which had a place for the sellers to sign. The agent's signature did not appear on that part of the document. Plaintiff claims there was evidence of the agent's authority to act on defendants' behalf because the contract was prepared by the agent in accordance with defendants' directions. The fact that the agent acted as a scrivener and put in the agreement terms directed by defendants is no evidence of any authority of the agent to bind defendants to the terms of the document. Even if the agent had such authority it would have had to be in writing in order for him to bind defendants because of the provisions of ORS 41.580(6).[1]

■ Plaintiff next contends that, even if the agent did not sign with defendants' authority, the defendants ratified by their subsequent conduct the agent's act of signing the agreement. This necessarily presupposes that the agent, in signing the agreement, intended to do so upon behalf of the defendants. If he did not purport to so sign he took no action for defendants to ratify. As previously stated, there was no evidence from which the jury could have found that the agent even purported to sign for the purpose of binding defendants.

[1] "Statute of frauds. In the following cases the agreement is void unless it, or some note or memorandum thereof, expressing the consideration, is in writing and subscribed by the party to be charged, or by his lawfully authorized agent; * * *:
"* * * * *
"(6) An agreement concerning real property made by an agent of the party sought to be charged unless the authority of the agent is in writing."

■ Plaintiff next contends that there was evidence from which the jury could find that the parties orally agreed to the terms which were incorporated in the written document and that there was evidence of partial performance sufficient to take such oral agreement out of the purview of the statute of frauds. There was sufficient evidence for a jury to conclude there was an oral agreement in conformance with the terms of the written agreement. The evidence of partial performance upon which plaintiff depends is his work in the business between the 2nd and the 23rd of January. Plaintiff testified he took over the business pursuant to the agreement. However, it is apparent from his testimony that, during the time he was there, the business was not being conducted for his benefit. He ordered goods and made sales under the instructions of defendants, but he does not claim that he was responsible for the indebtedness incurred by the purchase of the goods or that he received, or was entitled to receive, the money from the sales of merchandise which he made. Under the agreement, the business was to be operated as plaintiff's after January 1. In the absence of evidence that the business was being conducted for his account there was insufficient evidence that he had taken the business over pursuant to the agreement despite his conclusion to the contrary. Plaintiff must have known on January 20 that he was not operating under the agreement because at that time, by his own testimony, he was discussing another offer to defendants with the agent. In the court's opinion there was insufficient evidence of partial performance of the claimed oral contract to take it from the purview of the statute of frauds.

The judgment of the trial court is affirmed.