Argued February 5, 1968 reversed and remanded February 19, former opinion modified; petition for rehearing denied July 2, 1969

## PARKER, *Appellant, v.* PERRIN ET AL, *Respondents.*

451 P2d 49
456 P2d 506

*Hugh Hafer,* Seattle, Washington, argued the cause for appellants. On the briefs were Bassett, Donaldson & Hafer, Seattle, Washington, and Galton & Popick, Portland.

*Don S. Willner,* Portland, argued the cause for respondents. With him on the brief were Willner, Bennett & Leonard, Portland, and Jack, Goodwin & Anicker, Oregon City.

Before PERRY, Chief Justice, and McALLISTER, SLOAN, O'CONNELL, DENECKE, HOLMAN and LANGTRY, Justices.

PER CURIAM.

The issues, evidence, and parties in this suit are substantially similar to those in *Phillips v. Perrin,* 253 Or 540, 450 P2d 767, decided this day. In this case, the trial court found in favor of the association and against the international union.

For the reasons set forth in *Phillips v. Perrin,* supra, the decree below must be reversed. Upon remand, the trial court should enter a decree awarding to the plaintiff the real and personal property in the possession of Local No. 68 on May 24, 1964, to-

gether with such other relief, if any, within the pleadings, as may be necessary to carry out the terms of the constitution of the International Brotherhood of Pulp, Sulphite and Paper Mill Workers, AFL-CIO.

Reversed and remanded; no costs to any party in this court.

**ON PETITION FOR REHEARING**

Willner, Bennett & Leonard, Portland, and Jack, Goodwin, & Anicker, Oregon City, for petition.

Herbert B. Galton, Portland, Benjamin Wyle, New York City, and Hugh Hafer, Seattle, contra.

PER CURIAM.

The respondents in their petition for rehearing contend that this court was in error in decreeing that the real property in their possession on May 24, 1964, be transferred to the plaintiff union. It is their contention that the real property, the Union Hall, was not and never had been the property of Local No. 68 of the International Brotherhood of Pulp, Sulphite and Paper Mill Workers, AFL-CIO.

We have re-examined the evidence upon this issue and are now of the opinion that, since the trial court did not pass upon this issue and the evidence upon this facet of the case does not appear to have been fully developed, we should not make a final determination upon this record.

Therefore, our former opinion is modified and the cause remanded to the trial court for determination of whether the assets of the building corporation are or are not within the terms of the forfeiture clause.

In all other respects our former opinion is adhered to.

Petition for rehearing is denied.