Argued February 3, affirmed April 2, 1976

JONES, *Respondent,*
*v.*
NUNLEY, *Appellant.*

547 P2d 616

*Ridgway K. Foley, Jr.,* of Souther, Spaulding, Kinsey, Williamson & Schwabe, Portland, argued the cause and filed briefs for appellant.

*A. E. Piazza,* Medford, argued the cause and filed a brief for respondent.

Before O'Connell, Chief Justice, and Denecke, Holman, Howell and Bryson, Justices.

HOWELL, J.

**HOWELL, J.**

Plaintiff filed this action to recover $2,500 paid to defendant as earnest money on a proposed sale by defendant to plaintiff of 80 acres owned by defendant in Jackson County. The action was tried by the court without a jury, and findings and judgment were entered in favor of plaintiff. Defendant appeals.

Some time prior to April, 1973, a realtor, Phil Deupree, contacted defendant regarding a sale of defendant's ranch. Defendant agreed to pay Deupree a commission if he sold the ranch, but defendant refused to sign a listing agreement. Plaintiff, a resident of California, was interested in securing real property to develop into a mobile home park and contacted Deupree, who showed plaintiff several parcels of land, including defendant's. On April 10, 1973, plaintiff and Deupree met with defendant and discussed the purchase of 80 acres of defendant's property. In May, plaintiff mailed a proposed contract to defendant. Defendant countered with an option agreement which he mailed to plaintiff. Plaintiff was not satisfied with the terms of the option, and the parties again met personally in defendant's office and discussed the matter further. Plaintiff subsequently prepared another form of option agreement which he signed as of June 22, 1973, and mailed to defendant, along with his check for $2,500 as earnest money. The terms of the agreement provided that the option period was to run for six months from the date of the option agreement. However, the date of the option was left blank.

Plaintiff testified that he expected defendant to date the option agreement as of the date defendant signed it; however, defendant backdated the agreement to April 10, 1973. The six-month term had been previously agreed upon by both parties so as to allow plaintiff sufficient time to resolve several contingencies affecting plaintiff's ability to secure from county and state authorities the necessary approval of the optioned property as a site for a mobile home park. The

backdating of the option was completely unacceptable to plaintiff, and the negotiations ceased. Plaintiff demanded the return of his $2,500 earnest money, but defendant refused.

At trial, defendant testified that he advised Deupree of his intention to backdate the agreement and told Deupree to so advise plaintiff. When Deupree conveyed this message, plaintiff informed Deupree that he would not accept the April 10 date as the beginning of the option period. However, Deupree did not tell defendant that plaintiff had rejected the April 10 date. Rather, he advised defendant that although plaintiff was "not happy" with the April 10 date, plaintiff was not going to "blow the deal" over the date.

The trial court found that as of the time defendant purported to backdate the option agreement there had been no meeting of the minds on an essential element of the proposed option contract and, therefore, no contract. Ultimately, the court also concluded that although Deupree was acting as an agent for plaintiff, Deupree had no authority to bind plaintiff to the backdating of the option agreement. The court also found that defendant had not relied on Deupree's failure to reject the backdated option agreement.

On appeal, the defendant argues that Deupree was an agent for plaintiff, that Deupree had apparent authority to bind plaintiff to the April 10 date on the option, and that Deupree did so when he told defendant that plaintiff was unhappy but would not "blow the deal" because of the April 10 date. Moreover, defendant contends that plaintiff ratified Deupree's acquiescence by failing to repudiate the backdated agreement within a reasonable time. Defendant also argues that there was a valid oral contract between the parties as of April 10, 1973, and, consequently, that defendant was entitled to backdate the option contract at that time as a matter of right.

We agree with the trial court that there was no binding agreement as of the time defendant backdated

the option contract. The record is clear that the parties never reached a final and binding agreement but were continuing to negotiate the terms of the proposed sale while making offers to purchase, submitting option agreements and exchanging counter proposals until they finally and completely disagreed over the date that the six-month option was to start. *See Wagner v. Rainier Mfg. Co.,* 230 Or 531, 371 P2d 74 (1962); *Shaw Wholesale Co. v. Hackbarth,* 102 Or 80, 94-96, 198 P 908, 201 P 1066 (1921).

Moreover, assuming, but without deciding,[1] that Deupree was plaintiff's agent at least for some purposes, we agree that Deupree did not have apparent authority to bind plaintiff to the April 10 date. Apparent authority to do any particular act can be created only by some conduct of the principal which, when reasonably interpreted, causes a third party to believe that the principal consents to have the apparent agent act for him on that matter. The third party must also rely on that belief. *See Barbour et al. v. Johnson et al.,* 201 Or 375, 387, 269 P2d 531, 270 P2d 673 (1954); Restatement (Second) of Agency §§ 8, 27 (1958). There is substantial evidence in this case to support the trial court's conclusion that plaintiff did nothing to give defendant the impression that plaintiff had granted Deupree authority to approve the April 10 date. There appears to be nothing in the prior negotiations which could have led the defendant to reasonably believe that Deupree had any authority to approve the back-dating of the option agreement. Plaintiff and defendant had conducted the previous negotiations them-

---

[1] Plaintiff contends that Deupree was not acting at any time as an agent for anyone other than the defendant. Plaintiff argues that defendant had agreed to pay Deupree a six percent commission on any sale to a purchaser procured by Deupree and that there was no evidence of any relationship between plaintiff and Deupree other than the normal relationship between a real estate broker and his prospective purchaser. Plaintiff notes that a real estate broker normally does not act as a dual agent of both parties to a prospective sale, but only as the agent of the party who first employed him, *citing* 12 Am Jur 821, Brokers § 67 (1964). However, we need not consider this issue on this appeal because, even assuming that Deupree was plaintiff's agent, the judgment of the trial court was correct.

selves, either in face-to-face meetings or through personal correspondence. *See* Restatement (Second) of Agency §§ 34, 49 (1958).

There is also substantial evidence to support the trial court's finding that defendant did not rely on Deupree's acquiescence in the backdating of the option agreement when he filled in the date of April 10. Early in July, defendant wrote to plaintiff stating that he had backdated the agreement to April 10 because that was the date defendant "took the property off the market." Later in the same month, defendant again wrote to plaintiff:

> "I dated the agreement, made the changes, and cashed your check. There has been absolutely no discussion about the date from which your six months were to run in any of our conversations, and when you signed the option agreement and sent it to me with the date left blank for me to fill in, then I was completely entitled to fill it in."

In writing these letters explaining his actions, defendant did not take the position that he had backdated the agreement because Deupree, allegedly acting as plaintiff's agent, had represented to him that the date of April 10 was not unsatisfactory to plaintiff. Rather, it was his position that he enjoyed an unequivocal right to backdate the agreement of his own accord. Thus, we find no reasonable basis for an application of the doctrine of apparent authority.

Similarly, defendant's contention that plaintiff ratified Deupree's actions by failing to repudiate the backdated agreement within a reasonable time is not supportable. There was no evidence that Deupree intended to agree to the April 10 date on behalf of the plaintiff. If he did not purport to act on plaintiff's behalf, there was nothing for plaintiff to ratify. *Johnson v. Davis,* 252 Or 472, 475, 450 P2d 758 (1969); Restatement (Second) of Agency § 85. Moreover, even if Deupree had intended to agree to the April 10 date on behalf of the plaintiff, we believe that plaintiff repudiated that act within a reasonable time. The

backdated agreement was mailed to plaintiff on July 2, 1973. After an unsuccessful attempt to compromise with defendant on the date of the option agreement, plaintiff wrote to the defendant on July 15, 1973, and unequivocally informed defendant that his proposal was rejected, and plaintiff requested the return of his $2,500. We find no evidence of undue delay.

In summary, we find substantial evidence to support the trial court's findings in this case, and the judgment for plaintiff is affirmed.

Affirmed.