Argued and submitted June 10, affirmed November 24, 1980

# SCHMIDT,
*Petitioner,*

*v.*

# JACKSON COUNTY JUVENILE
# DEPARTMENT et al,
*Respondents.*

## (No. C-126-78, CA 16302)
### 619 P2d 1307

F. Peter De Luca, Salem, argued the cause and submitted the brief for petitioner.

John L. Du Bay, Medford, argued the cause for respondent Jackson County Juvenile Department. With him on the brief was Thomas J. Owens, Medford.

Before Schwab, Chief Judge, and Thornton and Richardson, Judges.

SCHWAB, C. J.

**SCHWAB, C. J.**

Petitioner appeals from the Employment Relations Board's (ERB) order dismissing his complaint that the Jackson County Juvenile Department (Department) committed an unfair labor practice by refusing to permit petitioner to pursue the grievance procedure of an employee bargaining agreement in connection with the termination of his employment as a juvenile counselor. We affirm.

In February, 1978, the director of the Department notified petitioner that his employment as a juvenile counselor would be terminated effective the last day of the month. Petitioner attempted to contest his dismissal through a grievance proceeding brought pursuant to a collective bargaining agreement between various public employers in Jackson County and the employee bargaining representative. Although neither the judge of the juvenile court[1] nor any other person representing the Department signed that agreement, the agreement purports to include petitioner's position in the bargaining unit.

After petitioner filed his grievance, he was notified by the judge that, in light of the provision of ORS 419.604 that juvenile counselors serve at the pleasure of the court, the grievance procedure was not available as a means of contesting the termination decision.[2]

Petitioner then filed this complaint with the ERB, alleging that the Department's failure to comply with the collective bargaining agreement violated ORS

---

[1] There are three circuit court judges who nominally share responsibility for the Department. However, the administrative responsibilities for the Department are exercised by the judge to whom we refer. Nothing in the record indicates that the other judges were involved in the events giving rise to this controversy.

[2] ORS 419.604(1) provides:

"Subject to subsection (2) of this section, the judge or judges of the juvenile court in any county having a population less than 300,000 shall appoint or designate one or more persons of good moral character as counselors of the juvenile department of the county, to serve at the pleasure of and at a salary designated by the appointing judge and approved by the budget-making body of the county."

243.672(1)(g).[3] Petitioner also contended that he was not accorded the pretermination procedures defined by *Tupper v. Fairview Hospital,* 276 Or 657, 556 P2d 1340 (1976), and that his due process rights were therefore violated. ERB concluded generally that the bargaining agreement was not applicable to petitioner because the judge had not signed it or in any other way agreed to be bound by it. ERB declined to reach petitioner's constitutional contention, apparently on the ground that it had no statutory authority to do so.

Petitioner makes two assignments of error: first, that ERB erred by concluding that petitioner was not covered by the collective bargaining agreement and was not entitled to invoke its grievance procedure; and second, that ERB erred by failing to reach and decide in petitioner's favor the constitutional issue.

Petitioner appears to acknowledge that juvenile court judges are not *required* to accord the collective bargaining rights of ORS 243.650 *et seq.* to juvenile counselors who serve pursuant to ORS 419.604. Petitioner also acknowledges that the judge who dismissed him was not a signatory of the agreement under which petitioner claims rights. Petitioner does contend, however, that the various employer representatives who participated in the bargaining process had "apparent authority" to represent the Department,[4] and that the Department subsequently ratified the agreement by acting in accordance with it in its dealings with petitioner.

---

[3] ORS 243.672(1)(g) provides:

"(1) It is an unfair labor practice for a public employer or its designated representative to do any of the following:

"* * * * *

"(g) Violate the provisions of any written contract with respect to employment relations including an agreement to arbitrate or to accept the terms of an arbitration award, where previously the parties have agreed to accept such awards as final and binding upon them."

[4] Petitioner relies on federal cases which hold that, in bargaining situations where numerous employers are represented, a particular employer can be bound if it is determined that the employer representatives who actually participated in the negotiations had apparent authority to negotiate on his behalf.

Petitioner's authority and ratification arguments are largely defeated by the following finding of ERB, which was supported by substantial evidence:

> "The agreement was not signed by [the judge], or anyone else purporting to act for him. Uncontradicted testimony of [the judge] revealed that he never agreed to be bound by the agreement, nor did he delegate such authority to anyone."[5]

■ In addition, petitioner's ratification argument fails because he does not contend that any of the acts which gave rise to the ratification was performed by the judge or with his approval. ORS 419.604 places responsibility for the tenure and compensation of juvenile counselors on judges of the juvenile court; assuming without deciding that that statutory responsibility can be contractually waived by the person having it,[6] it cannot be contractually modified or waived by others. Therefore, a contractual modification or waiver cannot be *ratified* by others.

■ Petitioner bases his apparent authority argument on the supposition that his position would not have been included in the collective bargaining agreement if either the employee *or* employer representatives considered that he was not part of the bargaining unit, and on the fact that fair share payments were deducted from his salary and only employees in the bargaining unit were subject to fair share deductions. Reduced to essentials, petitioner's contention is that the negotiators must have had apparent authority to include him in the bargaining unit because they did include him in the bargaining unit. That is not enough to establish either the existence of apparent authority or reliance on any such authority by the employee bargaining representatives. *See Jones v. Nunley,* 274 Or 591, 547 P2d 616 (1976). In light of the express provision of ORS 419.604 that the salaries and job tenure of juvenile counselors are to be determined by juvenile court judges rather than by the collective bargaining process, the

---

[5] Although the quoted language appears in the ERB order under the caption "Conclusions of Law," the language obviously constitutes a finding.

[6] *See, Central Point Sch. Dist. v. ERB,* 27 Or App 285, 555 P2d 1269 (1976), *rev den* (1977).

employee bargaining representatives could not reasonably have relied on the passive events to which petitioner points as any indication that the judge had authorized the employer representatives to bargain on his behalf about the terms and conditions of petitioner's employment.

We conclude that the juvenile court judge did not agree to make petitioner's employment tenure subject to the collective bargaining agreement rather than the judge's own authority under ORS 419.604.

■    Petitioner's second assignment of error is that ERB should have reached his contention that his due process rights were violated by his dismissal without the pretermination procedures prescribed by *Tupper v. Fairview Hospital, supra,* and related cases, and that, upon reaching that contention, ERB should have agreed with it. The pretermination procedural protections required by *Tupper* and similar cases apply only when an employee has a property interest, derived from statutory or other sources, in his continued employment. *See* 276 Or at 662. An employee like petitioner, who serves at the pleasure of the appointing authority, clearly has no such interest.[7]

Affirmed.

---

[7] Even were the rule otherwise, we question but do not decide whether ERB had authority or was required to consider the constitutional contention in connection with its disposition of the unfair labor practice complaint. *See* ORS 243.676.