MABEN,
*Appellant,*

*v.*

KLAMATH COUNTY et al,
*Respondents.*

(No. 79-112 L, CA 19935)

MILLER,
*Appellant,*

*v.*

KLAMATH COUNTY et al,
*Respondents.*

(No. 79-114 L, CA 19936)
(cases consolidated)

636 P2d 968

Enver Bozgoz, Klamath Falls, argued the cause and filed the brief for appellants.

Jonathan T. Harnish, argued the cause for respondents. With him on the brief were Bullard, Korshoj, Smith & Jernstedt, P.C., Portland, and Richard J. Alli, Jr., Portland.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

THORNTON, J.

## THORNTON, J.

This is a consolidated appeal of two damage actions brought by two former employes of the Klamath County Nursing Home for alleged wrongful dismissal. The trial court granted summary judgments in favor of defendants and plaintiffs appeal. The sole assignment of error in each case is the granting of the summary judgment.

The essential facts are as follows.

Plaintiff Dolores Maben was employed as the business office manager of the nursing home since June 5, 1978. On February 20, 1979, she was terminated without notice or a pre-termination hearing, nor was a post-termination hearing granted.

Plaintiff Nancy Miller was employed as a staff nurse since September, 1977, and on February 21, 1979, the Administrator of the Klamath County Nursing Home, defendant Tucker, advised the plaintiff that she was going to be terminated. Plaintiff decided to resign rather than be fired. Thereafter, both plaintiffs, on February 26, 1979, demanded reinstatement to their respective positions and requested a hearing and notice of the causes of their termination. A post-termination hearing was scheduled for April 16, 1979, which was postponed indefinitely on advice of the county counsel and was never held. Thereafter, plaintiffs filed their respective complaints. Defendants filed their answers and their motions for summary judgment. In *Maben* defendant's motion was based on the sole ground that "plaintiff [Maben] had no vested property right in her employment at the Klamath County Nursing Home * * *." In *Miller,* defendant's motion was based on two grounds: 1) that "plaintiff [Miller] was not discharged from the employment of the Klamath County Nursing Home * * *, and 2) plaintiff had no vested property right in her employment at Klamath County Nursing Home * * *." Plaintiffs filed motions for "Partial Order on Issue of Liability," supported by affidavits and exhibits. The circuit court granted summary judgments in favor of defendants.

According to plaintiffs' affidavits, during the relevant time there were personnel rules in the form of an Employe Handbook, which contained the following provision:

> "If at the end of the six month period of probationary employment, the employee's work performance is satisfactory, employment shall be made permanent."

The "rules" further provided for disciplinary action, including:

> "a)  Oral reprimand.
> "b)  Written reprimand.
> "c)  Demotion.
> "d)  Suspension.
> "e)  Discharge.
> "Minor offenses:  dismissal will require 2nd warning in writing.
> "Major offenses:  subject to immediate dismissal."

Neither plaintiff was covered by a collective bargaining agreement or by a written contract of employment.

Plaintiffs contend that they had a vested property interest in their employment because they had served their probationary period and were "permanent employes" under the Handbook's rules. Plaintiffs rely on *Board of Regents v. Roth,* 408 US 564, 92 S Ct 2701, 33 L Ed 2d 548 (1972); *Hammer v. OSP,* 283 Or 369, 583 P2d 1136 (1978) and *Tupper v. Fairview Hospital,* 276 Or 657, 556 P2d 1340 (1976), in support of their position that, as "permanent employes," they were entitled to notice and a hearing.[1]

Defendants argue that since the plaintiffs' employer, Klamath County, is under 300,000 in population and has not elected to implement a system of civil service, ORS 241.020; 241.006, plaintiffs' employment relationship is governed by ORS 204.601(2), which declares their employment to be "at will." *See Papadopoulos v. Bd. of Higher Ed.,* 14 Or App 130, 158, 511 P2d 854, *rev den* (1973); *Schlichting v. Bergstrom,* 13 Or App 562, 566, 511 P2d 846 (1973);

---

[1] We note from a review of the record that contrary to plaintiffs' statement that no policies or provisions provide for written notice, the Employe's Handbook does contain a provision concerning written notice prior to termination. The provision states:

"The Nursing Home reserves the right to discharge any employee for unsatisfactory work. Should your work be considered unsatisfactory during the 6 month probationary period, your services may be discontinued without notice. Should you be discharged for unsatisfactory service after the probationary period, two weeks notice of termination will be given you. However, the employee may be discharged immediately without further warning or benefits. Refer to DISCIPLINE (#12). Clause 20(b)."

*Schmidt v. Jackson County Juv. Dept.,* 49 Or App 349, 354, 619 P2d 1307 (1980). Defendants also contend that the provision of the Handbook designating plaintiffs' status as "permanent" does not thereby confer any property right of constitutional significance since the provisions of the Handbook were never approved or adopted by Klamath County.

For reasons which follow, we conclude that defendants' motion for summary judgment should also have been denied.

Of direct application to the issue presented here is *Yartzoff v. Democrat-Herald Publishing Co.,* 281 Or 651, 576 P2d 356 (1978). In *Yartzoff* an employe of the defendant newspaper brought an action against her employer for wrongful discharge. The circuit court entered summary judgment for the employer. The Supreme Court reversed, holding that material fact issues existed as to 1) the length of employes' normal probationary period, 2) whether the provisions in the employe handbook were intended to be part of the original contract for employment and 3) whether the employe could be terminated only for cause. While *Yartzoff* dealt with private rather than public employment, nevertheless we believe the principles involved there have direct application here. Applying those principles to the case at bar, we conclude that material fact issues existed as to 1) whether the so-called Employe's Handbook was ever adopted by Klamath County and, if so, whether the conditions therein were intended to be a part of the original contract of employment; and 2) whether plaintiffs had completed their probationary period and, if so, what their status was at the time of dismissal.

Whether plaintiffs could be terminated only for cause and whether plaintiffs were entitled to written notice of termination are legal issues dependent upon the resolution of these fact issues.

Reversed and remanded with instructions to set aside the summary judgments.