On respondents' reconsideration filed January 22, former
opinion filed November 23, 1981 (54 Or App 799, 636 P2d 968)
adhered to as modified June 9, 1982

MABEN,
*Appellant,*

*v.*

KLAMATH COUNTY,
*Respondents.*

(No. 79-112 L, CA 19935)

MILLER,
*Appellant,*

*v.*

KLAMATH COUNTY,
*Respondents.*

(No. 79-114 L, CA 19936)
(Cases Consolidated)

646 P2d 35

Jonathan T. Harnish, Richard J. Alli, Jr., and Bullard, Korshoj, Smith & Jernstedt, P.C., Portland, for petition.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

PER CURIAM

**PER CURIAM**

In its petition for rehearing petitioners correctly point out that the former opinion, *Maben v. Klamath County,* 54 Or App 799, 636 P2d 968 (1981), is in error in the following respects:

(1) There is no factual issue presented as to whether the so-called Employee's Handbook was ever adopted by Klamath County.

(2) There is no factual issue presented as to whether plaintiffs had completed their probationary period.

This is so, not for the reason urged by plaintiffs, but because plaintiffs in their respective answers filed in the trial court admitted that both plaintiffs had been employed for a period in excess of six months.

Notwithstanding the above errors, we conclude that petitioners do not prevail, because we are satisfied after again reviewing this record that a material fact issue existed as to whether the conditions in the Employe's Handbook, including those relating to tenure and notice before discharge, were intended to be a part of the original contract of employment with plaintiffs despite the fact that it was not formally adopted by the Board of County Commissioners.

Petitioners argued that plaintiffs did not raise the issue of the handbook at trial or on review and so it should not be decided. This is not accurate. Plaintiffs' complaint alleged that they were beyond probationary status. During the summary judgment phase of the case, plaintiff Maben submitted an affidavit saying that when she was hired she

was given a copy of the handbook. She also stated in her affidavit that she participated in the dismissal of an employe and was told by the administrative assistant to the Board to use the rules set out in the handbook in discharging the employes. Additionally, plaintiffs' attorney in a memo to the trial court argued that the handbook provisions applied. Further, plaintiffs' attorney argued at the hearing on summary judgment that the handbook was an implied contract. On appeal he argued that the employers had a property right in their jobs under the provisions of the employe's handbook.

Whether plaintiffs could be terminated only for cause and were entitled to notice of termination are legal issues dependent upon the resolution of a fact issue.

Reconsideration granted. Former opinion modified by deleting the challenged statements. Because the above errors do not change the result in this case, we adhere to our former opinion.