Argued and submitted April 2, affirmed October 27, 1982

WAVERLY CONSTRUCTION CO., INC.,
*Respondent,*

*v.*

GOLD INVESTMENT COMPANY et al,
*Appellants.*

(No. 41-954, CA A22150)

652 P2d 880

Marjorie Anne Speirs, Portland, argued the cause for appellants. With her on the briefs were S. Ward Greene, and McMenamin, Joseph, Babener, Greene & Perris, Portland.

Fred A. Anderson, Tigard, argued the cause for respondent. With him on the brief was Anderson, Dittman & Anderson, Tigard.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Plaintiff seeks recovery of earnest money paid during negotiations for the purchase of real estate by plaintiff from defendants. Defendants appeal from a trial court judgment that found that no binding contract existed between the parties and that plaintiff was entitled to the return of its earnest money deposit. The threshold question is whether the parties had a meeting of the minds with respect to the date of performance of the contract.[1]

On August 2, 1980, plaintiff offered to buy 39 lots from defendants for $290,000. The offer was made on a form titled "Sale Agreement and Receipt for Earnest Money" and completed by realtor Meekcoms, pursuant to instructions from Waymire, president of plaintiff corporation. The offer provided in relevant part:

"Entire balance to be paid in full upon final plats being ready for recordation on or before Feb 1st, 1981."

It was plaintiff's responsibility to prepare the final plats for recordation. Meekcoms gave the offer to Ortiz, a principal of defendant Gold Investment Company, who rejected it.

Ortiz and Meekcoms then discussed the matter further. Ortiz told Meekcoms the terms on which defendants would sell the property. Meekcoms related those terms to Waymire, who accepted them. Meekcoms then prepared a counter-offer on a form titled "Owner's Counter-Offer." The major change made by the counter-offer was to increase the purchase price to $305,000. The counter-offer also provided, in relevant part:

"Final balance to be due and payable when final plat is ready for recordation."

" * * * * *

"Any part of buyer's original written offer not hereinafter changed, altered or modified hereby is approved and accepted by the seller * * *."

---

[1] In its brief, defendant states that "there were no substantial factual disputes in this case, and [that] the question presented to the trial court was one of law, i.e., whether or not a binding agreement between the parties had ever been brought into existence." But the question whether the parties had a meeting of minds was a question of fact.

Ortiz did not sign the counter-offer, and Meekcoms delivered it unsigned to Waymire, who accepted and signed it on August 7 and later made a $10,000 earnest money deposit. Meekcoms then returned the accepted counter-offer to Ortiz.

Meekcoms received the counter-offer document back from Ortiz on August 16, 1980. It was signed by Ortiz only under a section at the bottom of the document titled "Seller's Agreement and Closing Instructions."[2] In a cover letter accompanying the document, Ortiz wrote, in pertinent part:

> "There are several things that I want to explain in this cover letter to be sure that we the sellers and you the agent for the buyers do understand what we say in this counter-offer as to the closing timing * * *."

Ortiz then explained that the final balance was due and payable when the final plat was ready for recording.

On August 27, Ortiz sent Waymire a proposed addendum to the agreement that provided, in pertinent part:

> "By 9/26/80 plat is to be ready to be recorded. Closing is to occur as of that date."

Waymire objected to the September 26, 1980, deadline, terminated plaintiff's financing arrangements and requested the return of its earnest money.

Ortiz then wrote to Meekcom that:

> "As usual the counter-offer has words in it that two people look at the same words and they mean something different to each of them."

He explained that he had agreed to the counter-offer on the assumption that he could count on closing the transaction before October 1, when Gold Investment Company's next

---

[2] The section entitled "Seller's Agreement and Closing Instructions" bound defendants to pay Meekcom's commission and contained defendants' closing instructions to Meekcom. Ortiz did not sign the document in the space following the recitation of the defendants' counter-offer. He believed his signature at the bottom of the document to be defendants' agreement to all the terms contained in the entire document. Plaintiff contends that, because Ortiz failed to sign the document in the space provided immediately following the defendants' counter-offer, no contract ever existed. Because we affirm, we need not consider that contention.

payment on the property was due. Waymire refused to negotiate further and demanded the return of the earnest money. When defendants objected, plaintiff filed this action. The trial court found that no meeting of the minds had occurred on an essential element of the agreement, *i.e.*, the date of performance, and that therefore no enforceable contract existed between the parties. It also found that plaintiff was entitled to the return of its earnest money.

 Failure to agree on the time of performance can result in a failure to establish a binding agreement. *Jones v. Nunley*, 274 Or 591, 547 P2d 616 (1976). Waymire testified that when he accepted the counter-offer, he believed that February 1, 1981, was the closing date, because that was the date specified in his offer and it was not changed in defendants' counter-offer, which specifically provided that any part of the buyer's offer not changed, altered or modified by the counter-offer "is approved and accepted by the seller." On the other hand, Ortiz testified that he believed the words of the counter-offer, "Final balance to be due and payable when final plat is ready for recordation," left undetermined a firm date for payment. Ortiz's action in preparing the August 27 addendum constituted further negotiations on the date of performance. Those negotiations were terminated when Waymire expressed his dissatisfaction with the new date and his intent to discontinue his financing arrangements.

The evidence is sufficient to support the trial judge's finding that no meeting of the minds occurred on an essential element of the contract. In an action at law where there is evidence in the record to support the trial judge's finding of fact, the finding is binding on the appellate court. *Goodrich v. Farmers Feed & Supply*, 55 Or App 287, 638 P2d 1148 (1981). No contract was created, and plaintiff is entitled to the return of its earnest money. *Steel Products Co. v. FMD Corp.*, 282 Or 513, 579 P2d 855 (1978); *Jones v. Nunley, supra.*

Affirmed.