78 F.3d 596
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
VULCAN POWER COMPANY, a Colorado corporation, Plaintiff-Appellee,
v.
CE EXPLORATION COMPANY, a Delaware corporation, Defendant-Appellant.
 No. 94-36054.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 11, 1996.
Decided Feb. 20, 1996.
 
 Before: NOONAN, LEAVY and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 STATEMENT OF THE CASE
 
 2
 The core question in this appeal is whether an option to purchase was properly exercised. We REVERSE the district court conclusion that the option was timely and validly exercised and VACATE the assignment order.
 
 
 3
 The option, first granted in 1980, was for the purchase of federal geothermal lease interests which have since been approved for inclusion in a pilot federal energy project (the "Project") at Newberry Crater in Oregon. CE Exploration Company ("Exploration"), a subsidiary of California Energy Company, Inc. ("Energy"), appeals the district court decision ordering Exploration to assign lease interests to Vulcan Power Company, an unsuccessful Project bidder. The Project had earlier been awarded to another Energy subsidiary.
 
 
 4
 On March 24, 1980 George Waters signed an Option Agreement issuing to Terra-Therme the following option to purchase his rights to U.S. geothermal leases, including leases OR 11987 and OR 11992 ("the Waters Lease Options"), which the Bureau of Land Management (the "Bureau") was to issue near Newberry Crater:
 
 
 5
 The option herein granted may be exercised by Optionee at any time prior to five years from the date hereof by written notice to the undersigned and by payment of the additional sum of $5.00 per net acre as to which the option is exercised.
 
 
 6
 Waters assigned his seller's rights to Exploration on December 19, 1990, at which time Geo-Newberry Crater, Inc. ("Geo") held the buyer's rights by assignment and Waters had twice extended the Option Agreement in writing, the second time through midnight on September 24, 1991.
 
 
 7
 Vulcan signed a Purchase Agreement in June 1991 acquiring most of Geo's assets, including the buyer's interest in the Waters Lease Options. On October 1, 1991 Geo assigned its interest in the Waters Lease Options to Vulcan. Vulcan began attempting to exercise Geo's Waters Lease Options in September 1991. A chronology for that month follows:
 
 September 3
 
 8
 Vulcan wrote to Energy stating that Geo "hereby exercises the option to purchase [Leases OR 11987 and OR 11992]." Vulcan enclosed its own check to Energy for the option price and assignment forms made out to Geo. The letter gave no indication of Vulcan's relationship to Geo.
 
 September 12
 
 9
 Energy returned the check and assignment forms to Vulcan, writing that Vulcan had provided no credentials showing authorization to act on Geo's behalf and that Energy did not consider valid the request to exercise the options.
 
 September 23
 
 10
 Energy received by facsimile a letter from Geo dated September 23 stating that Geo had "no objection to Vulcan paying the exercise price of the option and preparing the necessary paperwork [subject to understandings that Geo was sole beneficiary of the option exercise].... By copy of this letter we request that Vulcan evidence its agreement to the above-stated terms by resubmitting the payment and the Assignment documents to [Energy] ..."
 
 
 11
 Because the September 3 option exercise failed and the option expired on September 24, we need not discuss Vulcan's later attempts to exercise the option.
 
 
 12
 The district court concluded that the September 23, 1991 letter constituted express written authorization and ratification of Vulcan's September 3 exercise of the options and that the ratification related back to September 3. The court ordered Exploration to assign to Vulcan leases OR 11987 and OR 11992 and 64.9% of compensatory lease OR 45506.
 
 STANDARD OF REVIEW
 
 13
 Following a bench trial, the court's findings of fact are reviewed for clear error, Saltarelli v. Bob Baker Group Medical Trust, 35 F.3d 382, 384 (9th Cir.1994), and its conclusions of law are reviewed de novo. Price v. U.S. Navy, 39 F.3d 1011, 1021 (9th Cir.1994). Declaratory relief is reviewed de novo. Dexter v. Kirschner, 984 F.2d 979, 982 (9th Cir.1992).
 
 DISCUSSION
 
 14
 In diversity actions this court relies on the substantive law of the forum state, Ah Moo v. A.G. Becker Paribas, Inc., 857 F.2d 615, 620 (9th Cir.1988). The law on option contracts to purchase real property interests in Oregon is clear. "Before the optionee may bring a suit for specific performance he must clearly, explicitly, and unequivocally, within the time specified, communicate to the optionor his acceptance of the offer contained in the option." Aspinwall v. Ryan, 190 Or. 530, 226 P.2d 814, 817 (1950). "[A]cceptance of the offer must be unqualified and unconditional." Killam v. Tenney, 229 Or. 134, 366 P.2d 739, 748 (1961). This circuit has stated: "It is elementary ... that an option must be accepted according to its terms." Hart v. California Pacific Title & Trust Co, 136 F.2d 430, 431 (9th Cir.1943) (interpreting California law).
 
 
 15
 Applicable principles of Oregon law of agency are also clear. For "ratification by a principal of a previously unauthorized contract by an agent, there must be evidence from which a jury could properly find that the principal, with knowledge of the material facts, intended to ratify the contract. Minniti v. Cascade Employers Ass'n, Inc., 280 Or. 319, 570 P.2d 1171, 1178 (1977) (ratification not found). "Apparent authority to do any particular act can be created only by some conduct of the principal which, when reasonably interpreted, causes a third party to believe that the principal consents to have the apparent agent act for him on that matter." Jones v. Nunley, 274 Or. 591, 595, 547 P.2d 616, 618 (1976), citing to Restatement (Second) of Agency §§ 8, 27 (1958).
 
 
 16
 To accept the terms of the Waters option and bind Exploration to transfer the leases, the optionee Geo had to extend unqualified and unconditional compliance with the terms of the option by (a) payment of the proper amount (b) before the option expired. This Geo and Vulcan failed to do.
 
 
 17
 Vulcan's first attempt to exercise Geo's option on September 3, 1991 was timely and tendered the correct amount but failed because the letter and its enclosures did not evidence Geo's authorization of Vulcan to exercise the option on Geo's behalf. Vulcan's first tender was by an entity that had neither apparent nor actual authority to exercise the option and was accompanied by a check that had no apparent connection with Geo. On September 3 there was not yet any conduct by the principal, Geo, which would have led Energy to believe Geo had consented to the exercise. See Jones v. Nunley, supra.
 
 
 18
 The court's finding that Geo's September 23 letter authorized Vulcan to exercise the Waters option cannot be said to be clearly erroneous. But this finding does not support the conclusion that Geo intended its letter to ratify Vulcan's September 3 attempt to exercise the option. From the evidence presented a jury could not properly find that Geo, with knowledge of the material facts, intended to ratify the contract attempted on September 3. See Minniti, supra, 570 P.2d at 1178. Geo failed to ratisfy Vulcan's previously unauthorized exercise of the option. That the September 23 letter contained conditions requiring Vulcan to evidence its approval of the letter's terms by further acts precludes finding Geo's specific authorization or ratification of Vulcan's September 3 attempt to exercise the option.
 
 
 19
 Vulcan failed to resubmit the payment and assignment documents within the option period. On September 23 all parties knew that Exploration no longer had the check or forms. Vulcan's fulfillment of Geo's conditions did not occur before the expiration date so Geo did not ratify Vulcan's attempted exercise of the option. The option was not exercised in accordance with its terms before expiration.
 
 
 20
 Accordingly we REVERSE the decision of the district court and VACATE the order requiring Exploration to assign the lease interests to Vulcan.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3